Earl G. **WHITELEY**, Plaintiff,

v.

Octa R. **WHITELEY**, Defendant-Appellant,

Equitable Life Assurance Society of the United States; Pacific Mutual Life Insurance Company; and Monumental Life Insurance Company, Garnishees-Respondents.

No. 22956.

Kansas City Court of Appeals. Missouri.

June 15, 1959.

Edwin Earnshaw, Kirchner, Vanice & Earnshaw, Kansas City, for appellant.

Henry G. Eager, James L. Viani, Kansas City (Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel), for garnishees-respondents.

CAVE, Presiding Judge.

This is an appeal from a judgment discharging the respondents from liability in certain garnishment proceedings.

In September, 1948, Octa Whiteley secured judgment against her husband, Earl G. Whiteley, for support and maintenance of herself and their then minor child in a separate maintenance suit. These payments were to be made monthly, but none has been made since 1949.

On March 18, 1958, a general execution was issued by the Clerk of the Circuit Court of Jackson County, and the respondents were summoned as garnishees. Thereafter and in due time, the appellant exhibited interrogatories; the garnishees filed answers, and the appellant filed replies. A hearing was held resulting in a judgment discharging the garnishees, and appellant perfected her appeal.

We will discuss separately the issues concerning the three garnishees.

As to the Monumental Life Insurance Company, the appeal was heretofore dismissed by this court on motion because appellant had preserved no point of error in her brief. The judgment as to that garnishee is final.

Appellant propounded four interrogatories to the Pacific Mutual Life Insurance Company, the substance of which is whether the garnishee had in its possession, custody or charge any goods, chattels, property, moneys, credits or effects of Earl G. Whiteley; or whether the garnishee was in any wise indebted to or bound by contract to pay any money to the said Earl G. Whiteley.

The Pacific Mutual answered all four interrogatories in the negative. The appellant filed answer thereto and alleged that the Pacific Mutual was indebted to Earl Whiteley in the amount of $3,296.93 on November 13, 1952; that by reason of a conspiratorial private agreement between Whiteley and the Pacific Mutual, appellant's garnishment at that time was defeated; but that the Pacific Mutual remains indebted to the said Earl Whiteley for the above amount; and prayed judgment therefor. Thereafter, Pacific Mutual filed reply denying the allegations in appellant's answer.

■ We have carefully searched the transcript and find no evidence in support of appellant's allegations of fraud and conspiracy alleged in her answer, or that the Pacific Mutual was indebted to Whiteley. The burden of proof was on the appellant, and because of the total failure of proof, the judgment as to garnishee Pacific Mutual Life Insurance Company must be affirmed. Section 525. 190 RSMo 1949, V.A.M.S.; Cusick v. Cusick, Mo.App., 201 S.W.2d 437.

In support of her claim against Pacific Mutual, appellant cited Dinkins v. Crunden-Martin Woodenware Co., 99 Mo.App. 310, 73 S.W. 246. In that case, the court had evidence of the judgment debtor's earnings from the garnishee, and made its finding accordingly. That is not the situation as to Pacific Mutual.

The interrogatories exhibited to The Equitable Life Assurance Society were to the effect: (1) did it have in its possession, custody or control any goods, chattels, property, moneys or effects belonging to Earl G. Whiteley; (2) was it in any wise indebted to Earl G. Whiteley; (3) at the time of the service of garnishment, or since the service thereof, was it bound in any contract to pay the said Earl G. Whiteley "money which is not yet due?"

The Equitable filed answer denying any liability to Earl G. Whiteley except "it was at the time of service of the instant writ and is now bound in contract under Group Annuity Certificate No. AC 724–437 to pay (Earl Whiteley) $61.07 per month commencing December 1, 1962; that as evidence of said annuity contract a certificate was issued to Earl G. Whiteley on April 26, 1949, a copy of which was heretofore exhibited and furnished to you. That on or about March 23, 1951, the assured (Whiteley) elected to take a paid-up annuity and as evidence thereof a former employee certificate under group annuity contract was issued to Earl G. Whiteley, a copy of which was heretofore exhibited and furnished to you. That the cash surrender value of said annuity was in the amount of $426.96 on the 1st day of May, 1958, but said plaintiff has never elected to take the cash surrender value of said certificate; hence nothing was at the time said garnishment was filed or has since or is now due and owing to (Whiteley) by virtue of said certificate or contract; that any cash surrender value or reserve value by reason of this annuity certificate and contract is not due and payable to (Whiteley) in the absence of his prior written request and election upon his part is a condition precedent to the payment of or liability thereof by this garnishee".

This garnishee also pleaded that the issues in the present proceeding had been adjudicated in favor of the garnishee in

the Circuit Court of Jackson County in prior garnishment proceedings between the same parties and involving the same issues, and that such issues were now res judicata.

Appellant by way of answer denied the answers of the garnishee and alleged that the garnishee was indebted to Earl G. Whiteley in the amount of the cash surrender value of the annuity contract, and that Earl G. Whiteley had refused to elect to take the cash surrender value with fraudulent intent to defeat the appellant. Appellant also denied that the prior proceedings were res judicata of the issues in the present proceeding. The Equitable filed reply denying the new matters alleged in appellant's answer.

A copy of the Group Annuity contract and a copy of the Deferred Annuity Agreement were attached as exhibits and are a part of the record. They contain the provisions set out in respondent's answer to interrogatories and need not be copied at length. It is also admitted that Earl Whiteley has not elected to take the cash surrender value of the policy.

We are first confronted with the question whether the issues in the present proceeding have been finally adjudicated in prior garnishment proceedings between the same parties, and involving the same issues.

The record discloses that in April, 1954, summons of garnishment was served on The Equitable Life Assurance Society by Octa R. Whiteley in aid of a general execution issued on the same judgment for support and maintenance as is involved in the present proceeding. Thereafter, The Equitable filed answers to interrogatories wherein it set out the terms and provisions of the same group annuity certificate as are set out in the present proceeding, and attached a copy thereof to the answer. The record does not disclose that Mrs. Whiteley filed an answer or any pleading thereto.

On August 18, 1956, The Equitable Life filed motion for judgment on the pleadings because Mrs. Whiteley had not filed exceptions to or denied the allegations of its answers to the interrogatories. Section 525.210 RSMo 1949, V.A.M.S. On September 6, 1956, the motion for judgment on the pleadings came on for hearing after notice thereof to Octa Whiteley, and the court sustained the motion and entered judgment discharging The Equitable Life from all liability by reason of the writ of garnishment theretofore issued. Thereafter, and on March 5, 1957, Octa Whiteley filed her notice of appeal from such judgment to this court, and in due time, the appeal was dismissed because the notice was filed long after the required time. Thus that judgment became final.

On March 11, 1957, one week after the above notice of appeal was filed, Octa Whiteley had issued a second general execution on the same judgment as herein involved and summons of garnishment issued to The Equitable Life, and in due time, exhibited interrogatories which were substantially the same as those issued in this proceeding. The Equitable Life filed answers which are identical with the answers filed in the prior proceeding and the same as filed in the present garnishment proceeding. Mrs. Whiteley filed answer denying the answers of The Equitable Life, and alleged that the garnishee was indebted to Earl G. Whiteley. The Equitable Life filed reply denying any indebtedness to Whiteley. On May 23, 1958, the circuit court rendered judgment discharging The Equitable Life from liability by reason of the issues presented by the pleadings. This judgment recites that the court heard evidence and argument of counsel. There was no appeal from this judgment.

To clearly understand the question of res judicata on this appeal, it must be kept in mind that the appeal was taken from a judgment entered September 10, 1958, discharging The Equitable Life in a garnishment proceeding filed subsequent to the two prior proceedings and judgments; that the parties are the same; and that the interrogatories and answers presented the same

issue in all three proceedings. Briefly stated, the issue in each of the proceedings was whether the cash surrender value of The Equitable Life's annuity contract with Earl G. Whiteley was subject to garnishment before its maturity and in the absence of his written demand for payment thereof. It is conceded that the obligation of The Equitable Life on the annuity contract, and the rights of Earl G. Whiteley have been and remained the same during the time of the three garnishment proceedings and the judgments entered thereon. There has been no factual change.

In Case v. Sipes, 280 Mo. 110, 120, 217 S.W. 306, 309, the supreme court cited and quoted the following language from Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355; "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

It is stated in State ex rel. Buchanan County v. Patton, 271 Mo. 554, 197 S.W. 353, 354, that the test of res judicata is whether there is an identity of issues; that a "former judgment is conclusive in a second suit between the same parties where the same legal right as that involved in the former suit comes again in issue, although the second suit is upon a different cause of action." See Se-Ma-No Electric Cooperative v. City of Mansfield, Mo. App., 321 S.W.2d 723, 729; Boillot v. Income Guaranty Co., Mo.App., 124 S.W. 2d 608, 611; Couch v. Harp, 201 Mo. 457, 100 S.W. 9; United States v. Warner Brothers Pictures, D.C., 13 F.Supp. 614.

In the instant case the parties, and the issues made by the pleadings are the same as in the two prior garnishment proceedings, without any change as to the rights of the respective parties. Under such circumstances, it must be held that the prior judgments are res judicata as to the parties and issues in the present proceeding. If the obligation of The Equitable Life under its annuity contract and the rights of Earl G. Whiteley should change, then a different question would be presented.

The judgment should be affirmed. It is so ordered.

All concur.