**Doris M. NEWTON, a/k/a Bone, Petitioner-Respondent,**

v.

**Joe NEWTON, Jr., Respondent-Appellant.**

**No. 43677.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Marvin S. Wood, Clayton, for respondent-appellant.

Claude C. Knight, St. Charles, for petitioner-respondent.

CLEMENS, Senior Judge.

Respondent Joe Newton appeals the summary denial of his motion for credit on a child support judgment; this, to the extent his wife had received child support payments from his total disability social security benefits.

Here are the pertinent parts of the record:

The parties were divorced in 1973. In 1975 the original decree was modified to increase child support to $27.50 a week for each child. This is the judgment against which the father now seeks credit for social security child support payments.

Next, in April of 1977 the parties filed cross-motions to modify the child support allowances. She pled the children's living expenses had increased; he pled he "has become totally disabled" and unable to pay support but that his wife was able to do so.

There is neither a transcript nor formal judgment entry on these cross-motions to modify; we have only the judge's docket entry. Under date of December 22, 1977 it recites the parties' appearances and that each testified; then: "Ct finding there is not sufficient evidence of change of circumstances on either motion and denies both."

Next, on September 2, 1980 husband filed the current motion. It recites the 1973 decree and 1975 modification. He pleads that on August 15, 1980 the wife sought relief in Arkansas under the Uniform Support Act, contending husband's child support payments were $13,000 in arrears. He contends that amount fails to allow him credit for the social security child support payment the wife has received. By his motion husband seeks credit for those payments.

The mother moved to dismiss father's current motion, pleading only that it failed to state a cause of action. On November 26, 1980 the trial court summarily dismissed the father's motion and he has appealed.

The mother supports the trial court's denial of the father's motion on two grounds. First, that the issue of reducing child support is res judicata. And, she also denies any connection between the court's child support allowances and the social security allowances paid her for the childrens' support.

The mother's res judicata contention is based on the father's April 1977 pleading he had become totally disabled. He did not then plead that either he or the children were then drawing social security benefits. The mother's res judicata contention does not meet the requirement handed down in *Whiteley v. Whiteley*, 325 S.W.2d 502 [3] (Mo.App.1959) that a "former judgment is conclusive in a second suit between the same parties where the same legal right as that involved in the former suit comes again in issue". See also *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d 804 [6] (Mo.App.1976). The issues then and now are different.

And, res judicata is an affirmative defense that must be specially pleaded. *Rippe v. Sutter*, 292 S.W.2d 86 [6–9] (Mo. 1956), and *Motley v. Dugan*, 191 S.W.2d 979 [12, 13] (Mo.App.1945). The issue of res judicata was not before the trial court because the mother's answer to the father's present motion was a bare general denial. For both reasons we deny the mother's res judicata contention.

As said, husband also claims the trial court erred in denying his motion for credit for the child support money the wife got from his social security; this, because the denial allows her to collect child support twice.

The same issue was before us in *McClaskey v. McClaskey*, 543 S.W.2d 832 [4] (Mo.App.1976). We ruled "An order of support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree." As held there, this case must be reversed and remanded. On rehearing the court must give the father credit against each monthly child support installment for the amount paid that month to the mother for the childrens' benefit, but he would not be entitled to credit any overage, if any.

Reversed and remanded.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.