### FRENS v FRENS

Docket No. 124080. Submitted February 13, 1991, at Grand Rapids. Decided November 14, 1991, at 9:05 A.M.

Charlene Frens obtained a divorce from Kenneth Frens in 1981 in the Kent Circuit Court. Custody of the parties' children was awarded to the plaintiff, and the defendant was ordered to pay child support. In 1988, the Social Security Administration determined that the defendant and one of the children were entitled to social security benefits on the basis of a disability incurred by the defendant on January 1, 1986. The child received a retroactive payment of benefits in lump sum and monthly payments thereafter. The friend of the court, on behalf of the defendant, petitioned the court for termination of the defendant's child support obligation and for the amount of the lump sum payment to the child to be credited against the defendant's arrearage in child support payments. The court, Dennis B. Leiber, J., released the defendant from any further child support obligation, but refused to allow the credit requested. The defendant appealed.

The Court of Appeals *held:*

The change in circumstances that served as the basis for the termination of the defendant's child support obligation was occasioned by his disability. Because the disability was incurred in January 1986, social security benefits received by the child in lump sum for periods after January 1986 must be credited against the child support arrearages that accumulated after January 1986, but not against the arrearages that accumulated before that date.

Reversed.

CAVANAGH, P.J., dissenting, stated that court-ordered child support obligation should not be discharged on the basis of the child's receipt of social security benefits as a result of the child support obligor's disability.

REFERENCES

Am Jur 2d, Divorce and Separation § 1076.

Right to credit on child support payments for social security or other government dependency payments made for benefit of child. 77 ALR3d 1315.

DIVORCE — CHILD SUPPORT — SOCIAL SECURITY DISABILITY BENEFITS.

A divorced parent released from an obligation to pay child support on the basis of a disability for which the parent and the child receive social security disability benefits is entitled to a credit against any child support arrearage incurred after disability in the amount of the benefits received by the child.

*Thomas M. Stellard,* for the plaintiff.

*Ryan, Podein & Joyce, P.C.* (by *James M. Joyce*), for the defendant.

Before: CAVANAGH, P.J., and MAHER and FITZGERALD, JJ.

FITZGERALD, J. Defendant appeals as of right from an order of the trial court denying his motion to modify child support. Defendant argues that the trial court erred in deciding that the social security benefits received by plaintiff on behalf of her minor child because of defendant's disability could not be credited toward his child support arrearage. We agree and reverse.

When the parties were divorced on January 23, 1981, plaintiff was awarded custody of their two minor children and defendant was ordered to pay child support. The parties do not dispute the fact that the defendant was unable to meet his child support obligations.

During this period, defendant became disabled and applied for social security disability benefits. Following a hearing, a referee determined that defendant had been disabled on January 1, 1986, and in an award certificate dated July 12, 1988, the Social Security Administration informed plaintiff that her son was entitled to $7,537.75 in overdue benefits. Plaintiff was also informed that her son would receive a monthly award of $343 as long as defendant suffered from his disability.

On September 9, 1988, in light of defendant's disability and the receipt of social security benefits, the friend of the court petitioned the trial court for a modification of his child support obligations. The friend of the court recommended that defendant's future support obligations be terminated and that he be given a $7,537.75 credit toward the child support arrearage that had accumulated since 1981.

The trial court agreed that defendant's future child support obligations should be terminated because of the change in circumstances, but concluded that the monies received "from the defendant through the Social Security Administration are monies separate and apart from any child support obligation that is the obligation of the father-defendant." The trial court also stated that "monies that were received by the plaintiff and the minor child of the parties are not to be credited against the arrearage which accumulated when the defendant was and is presumably able-bodied." It is this last part of the trial court's opinion on which this appeal is based.

Although this is an issue of first impression in Michigan, the majority of states that have reached an opinion on the issue whether a father is entitled to credit against child support payments for social security or Veterans' Administration benefits paid for the support of a minor child have held that a father is entitled to credit for such payments.[1] The arguments in defendant's favor are compelling:[2]

---

[1] See, e.g., *Cash v Cash,* 234 Ark 603; 353 SW2d 348 (1962); *Horton v Horton,* 219 Ga 177; 132 SE2d 200 (1963); *Andler v Andler,* 217 Kan 538; 538 P2d 649 (1975); *Perteet v Sumner,* 246 Ga 182; 269 SE2d 453 (1980); *Newton v Newton,* 622 SW2d 23 (Mo App, 1981); *Hanthorn v Hanthorn,* 236 Neb 225; 460 NW2d 650 (1990); *Griffin v Avery,* 120 NH 783; 424 A2d 175 (1980); *Mask v Mask,* 95 NM 229; 620 P2d 883 (1980).

[2] Some courts have also reasoned that disability payments are a

[T]he payments received by the appellee [custo-
dial mother] are for the children as beneficiaries of
an insurance policy. The premiums for such policy
were paid by the appellant for the children's ben-
efit. The purpose of Social Security is the same as
that of an insurance policy with a private carrier,
wherein a father insures against his possible fu-
ture disability and loss of gainful employment by
providing for the fulfillment of his moral and legal
obligations to his children. This tragedy having
occurred, the insurer has paid out benefits to the
beneficiaries under its contract of insurance with
the appellant, and the purpose has been accom-
plished. [*Andler v Andler,* 217 Kan 538, 542-543;
538 P2d 649 (1975).]

The dissent concludes that on the specific facts
of this case, where the arrearage started to accrue
before defendant's disability, defendant is not enti-
tled to have his outstanding support obligation
satisfied out of the lump sum disability payment
made to the minor child. The trial court appar-
ently took the same position:

[The monies received] from the defendant
through the Social Security Administration are
monies separate and apart from any child support
obligation that is the obligation of the father-de-
fendant. [Thus], the amounts of monies [sic] that
were received by the plaintiff and the minor child
of the parties are not to be credited against the
arrearage which accumulated when the defendant
was and is presumably able-bodied.

The trial court's reasoning is illogical. The court
terminated defendant's future child support obliga-
tions because of a change in circumstances as a

substitute for a father's loss of earning power. The payments repre-
sent money earned and contributed through working and constitute
payments in the nature of support. See, e.g., *Folds v Lebert,* 420 So 2d
715 (La App, 1982).

result of defendant's disability. It follows, there-fore, that the change in circumstances occurred in January 1986 when defendant became disabled. We conclude that defendant is not entitled to reduce the arrearages that accumulated before the social security payments began. See *Children & Youth Services v Chorgo,* 341 Pa Super 512; 491 A2d 1374 (1985). However, the lump sum disability payment covers the period of January 1986 through July 12, 1988. Contrary to the trial court's findings, defendant was not "able-bodied" at that time, and, therefore, we hold that defendant is entitled to have the payment credited to the ar-rearage that accumulated after January 1986. Any arrearage that accumulated between the 1981 judgment of divorce and January 1986 remains.

Reversed.

Maher, J., concurred.

Cavanagh, P.J. *(dissenting).* I respectfully dis-sent. Defendant argues that one of the parties is going to receive a windfall in the amount of $7,537.75. Defendant also argues that some juris-dictions have ruled that government benefits for dependents should be credited against support orders. See *Cash v Cash,* 234 Ark 603; 353 SW2d 348 (1962), *Horton v Horton,* 219 Ga 177; 132 SE2d 200 (1963), *Andler v Andler,* 217 Kan 538; 538 P2d 649 (1975), and *Cohen v Murphy,* 368 Mass 144; 330 NE2d 473 (1975). On the specific facts of this case, I am convinced that the minor child, and not the father, is entitled to the lump sum disability payment and that the father's outstanding support obligation should not be satisfied out of this fund.

The Social Security Administration has taken the position that "in instances where a parent is responsible for making court-ordered support pay-

ments, such legal obligation cannot be discharged by denominating children's disability insurance benefits as 'child support' from the parent." *Hennagin v Yolo Co,* 481 F Supp 923, 924 (ED Cal, 1979) quoting from *Fuller v Fuller,* 49 Ohio App 2d 223; 360 NE2d 357 (1976). This position is consistent with the theory that the children would be entitled to these benefits whether or not the parents were divorced, a theory relied on by some of the jurisdictions that have refused to grant a credit against child support obligations. See, e.g., *Craver v Craver,* 649 SW2d 440 (Mo, 1983); *Nibs v Nibs,* 625 P2d 1256 (Okla, 1981).

I believe that the position taken by the Social Security Administration is sound and particularly appropriate here where the arrearage started to accrue long before the father was disabled. The equities definitely favor the plaintiff and the minor child, a factor either not present or not addressed in the majority of the cases that have reached the opposite result. See *In re Estate of Patterson,* 167 Ariz 168; 805 P2d 401 (1991), and the cases cited there. I would affirm the decision of the trial court.