JENEROU v JENEROU

Docket No. 142186. Submitted January 14, 1993, at Lansing. Decided June 21, 1993, at 9:35 A.M.

Sharon E. Jenerou obtained a divorce from Michael Jenerou in the Schoolcraft Circuit Court. The plaintiff was awarded custody of the parties' child, and the defendant was ordered to pay child support. The defendant and the child were subsequently awarded lump-sum payments of social security benefits for the defendant's disability. The defendant, who had incurred an arrearage in child support payments, sought credit against the arrearage in the amount of the lump-sum payment received by the child from the Social Security Administration. The court, Charles H. Stark, J., denied the requested credit. The plaintiff appealed.

The Court of Appeals *held:*

Social Security payments made to a custodial parent on behalf of a child for a disability of the noncustodial parent must be credited against any child support arrearage of the noncustodial parent. No such credit is required in this case because the lump-sum payment of disability benefits was not made to the plaintiff, but to the child.

Affirmed.

DIVORCE — CHILD SUPPORT — SOCIAL SECURITY DISABILITY BENEFITS.

Social security benefits received by a custodial parent on behalf of a child for a disability of the noncustodial parent must be credited against any child support obligation of the noncustodial parent; the noncustodial parent is not entitled to credit against a child support arrearage for any payment of retroactive benefits paid directly to the child for the disability of the noncustodial parent.

*Thomas G. Mercier,* for the plaintiff.

REFERENCES

Am Jur 2d, Parent and Child §§ 41 *et seq;* Social Security and Medicare §§ 673, 674, 677.

Right to credit on child support payment for social security or other government dependency payments made for benefit of child. 77 ALR3d 1315.

Legal Services of Northern Michigan, Inc. (by *Kenneth Penokie*), for the defendant.

Before: CONNOR, P.J., and HOLBROOK, JR., and McDONALD, JJ.

CONNOR, P.J. Defendant appeals as of right the trial court's order concerning his child support arrearage. We affirm.

The parties were married on March 10, 1969, and divorced on June 6, 1980. The couple had one child, Laurie Ann, born on November 2, 1970. As part of the judgment of divorce, plaintiff received custody of the girl, and defendant was ordered to make child support payments to the friend of the court. In 1986, defendant applied for social security disability benefits. In August, 1990, the Social Security Administration determined that defendant had been disabled since January 1, 1986, and awarded him monthly benefits and a lump-sum payment for the benefits he had been entitled to since 1986. At the same time, defendant's daughter was found to have been a dependent child of someone who was disabled, and so also received a large lump-sum payment for back benefits.

Defendant concedes that he has not made $4,498 in ordered child support payments. He claims that he should be given a credit of $3,339 against this arrearage because of the Social Security Administration's lump-sum payment to his daughter. We disagree.

As a preliminary matter, we note that defendant cannot claim at this juncture that he was unfairly ordered to pay more than he should have. Upon entering a judgment of divorce, a court may enter orders it finds just and proper concerning the care, custody, and support of minor children of the marriage. MCL 552.16; MSA 25.96. If defendant

thought the trial court's support order was unjust, he could have appealed the order to this Court, but he chose not to do so. If circumstances changed after the divorce, defendant had the right to petition the trial court to modify the support order. MCL 552.17; MSA 25.97. He filed a petition for modification of the support order in 1987, but abandoned his claim before the trial court rendered a decision. Because no petition for modification of the order is pending, retroactive modification of the order is not possible. MCL 552.603(3); MSA 25.164(3)(3). Defendant was properly ordered to make certain payments and simply has not done so.

In *Frens v Frens,* 191 Mich App 654; 478 NW2d 750 (1991), this Court decided that disability payments made to a custodial parent on behalf of a child should be credited against a disabled noncustodial parent's child support arrearage. We are required by Administrative Order No. 1990-6, 436 Mich lxxxiv, to follow *Frens* and give defendant credit for disability payments made to plaintiff on behalf of the couple's daughter.[1] In this case, however, defendant is entitled to no credit, because the benefits were not paid to plaintiff, but directly to the daughter, who by then had reached the age of majority.

We are satisfied that a parent should not get credit against a child support arrearage merely because the child receives benefits from the federal government. The child does not receive the bene-

---

[1] While we are critical of *Frens,* following it does not require us to reach an outcome with which we disagree. Therefore, we do not use the language necessary to activate this Court's conflict resolution mechanism. See Administrative Order No. 1990-6. When the noncustodial parent refuses to pay a fair share of child support, the custodial parent, as well as the child, must suffer the consequences. Plaintiff has a right to $4,498. Because the benefits were paid to her daughter, not to her, plaintiff still has not received the money. Even under *Frens,* defendant still owes $4,498 in child support.

fits because the federal government has decided to assume the parent's obligation to support the child, but only because the child is determined to be eligible for the benefits under federal law. See 42 USC 402(d).

We believe that benefits paid to the child should be treated like any other change in circumstance, which might warrant a modification in the support order. Because social security disability benefits paid to the child can be considered by the court when determining the proper amount of support, see Michigan Support Guideline Manual (1989 rev), p 4, we are satisfied that disability benefits could also furnish adequate justification for modifying support orders in appropriate cases.

As in this case, the federal government sometimes takes years to make a decision, and this can lead to a retroactive award of benefits. Under such circumstances the party applying for federal benefits should petition the trial court for modification of a support order based on the apparent inability to work caused by the disability and alert the court to the pending application for benefits. The trial court could defer its ruling on the petition until the federal government decides whether to award the benefits. This would give the trial court the power to retroactively modify the support order to take into account all the changes in circumstance, while at the same time providing the custodial parent with notice that such a modification is a possibility.

Affirmed.