[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties, Joanne E. Vumback (plaintiff) and David J. Vumback (defendant) were divorced on March 19, 1984. At the time of the divorce, the parties had four children that were issue of the marriage including David Joseph Vumback (born October 24, 1970), Elizabeth Ann Vumback (born August 14, 1973), Melissa Anne Vumback (born September 30, 1974) and Joy Lynn Vumback (born January 23, 1977). The defendant was ordered to pay child support in the amount of $200 per week. On August 28, 1987, by order of the court, Mihalakos, J., the judgment was opened and the defendant was ordered to pay the plaintiff $50 per week per child, $200 per week in child support. The order of support was further modified by the court on April 11, 1988 and the defendant was ordered to pay $50 per week for each of the three minor daughters and the defendant was relieved from paying child support for his son who was about to reach the age of majority. The support order was again modified by the court, Axelrod, J.,
on October 20, 1992. Here, the court ordered payment in the amount of $50 per week for the only remaining minor child, Joy Lynn. CT Page 10949
The following information is contained in the court file and taken from exhibits that were submitted at a hearing before Judge Pittman on September 13, 1996, at which time the court, Pittman,J., determined the amount of the arrearage that is the subject of the present motion for contempt.[1] In 1990, the defendant became disabled and applied for supplemental security income. According to the findings of the Administrative Law Judge dated January 13, 1995, the defendant filed his application on October 21, 1993. The Administrative Law Judge found that Mr. Vumback was disabled since April 1, 1990. In a letter dated February 11, 1995, addressed to Mr. Vumback from Steven Silberfein, Branch Manager of Social Security Administration, Mr. Silberfein requested information for the addresses of Mr. Vumback's daughters, Melissa and Joy Lynn as they "might be due past due benefits."
Presently before the court is the plaintiff's motion for contempt seeking the arrearage found by Judge Pittman in the amount of $14,221.46, representing the final balance of child support due. In dispute is whether lump sum social security benefits in the amount of $10,406 paid directly to one of the children, Joy Lynn, after she reached the age of majority, can be applied as a credit toward the arrearage.
Connecticut Superior Courts have unanimously decided that payments from Social Security may be credited toward child support. See Lincoln v. Lincoln, Superior Court, judicial district of Tolland at Rockville, Docket No. 49077 (April 14, 1997, Bishop, J.) (court found that "payments received by thecustodial parent on behalf of the minor children . . . should be treated as a credit against the noncustodial parent's child support obligation pursuant to Connecticut's Child Support Guidelines.") (Emphasis added.); Jenkins v. Jenkins, Superior Court, judicial district of Tolland at Rockville, Docket No. 45884 (January 24, 1997, Rittenband, J.) (18 CONN. L. RPTR. 666);Wiker v. Wiker, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 077336 (January 27, 1997, Tierney, J.) (18 CONN. L. RPTR. 575) (discussing Social Security Disability (SSI) as the background in a case where the issue was whether funds from a disability insurance policy should be considered income for child support purposes); Bruey v. Bruey,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307482 (November 13, 1995, Petroni, J.); Morgan v.Morgan, Superior Court, judicial district of Hartford-New Britain CT Page 10950 at Hartford, Docket No. 367586 (March 3, 1994, Santos, J.); Fahyv. Fahy, Superior Court, judicial district of Waterbury, Docket No. 104886 (September 3, 1992, Harrigan, J.) (7 CONN. L. RPTR. 312,7 CSCR 1111).
The only decision on this issue at the appellate level isFowler v. Fowler, 156 Conn. 569, 244 A.2d 375 (1968) (upheld the trial court's finding, under the specific factual circumstances of the case, declining to credit the defendant with social security payments made to the custodial parent as guardian for the minor child). This case, however, was decided prior to the adoption of Connecticut's Child Support and Arrearage Guidelines.[2] It is further noted that the court in Fowler v.Fowler, supra, specifically limited its holding to the case before it and recognized that in some cases a credit would be allowed. Id., 574.[3]
The above cases, however, do not directly address the factual situation presently before this court. In the above referenced cases, the social security payments were being made to the custodial parent on behalf of the children and the children were still minors. Also, the question of a credit on an arrearage was not addressed. The precise issue raised in the present case, however, has been addressed in other jurisdictions.[4] To encapsulate, the issue in the present case is whether a disabled child support obligor is entitled to a credit against an arrearage for lump sum social security benefits paid directly to the child, who by then had reached the age of majority, by the Social Security Administration.
In Frens v. Frens, 478 N.W.2d 750 (Mich. 1992), the Michigan Court of Appeals held that the defendant obligor was "not entitled to reduce the arrearages that accumulated before the social security payments began." Id., 751. The court allowed a credit as to the arrearage that accumulated after January of 1986 when the defendant became disabled but did not allow a credit for the arrearage that accumulated between the divorce judgment of 1981 and January 1986. Id. It is noted, however, that in Frens v.Frens, supra, the disability payments credited were made to the custodial parent because the children were minors.
Likewise, in In re Marriage of Cowan, 928 P.2d 214 (Mont. Supreme Ct. 1996), the Montana Supreme Court held that the defendant obligor was entitled to a credit for Social Security benefits received by his children against his monthly child support payments and he was also entitled to a credit for any CT Page 10951 contributions made by him after the Social Security benefits began and that amount was to apply as a credit to any arrearage owed by the obligor. Id., 221. Additionally, the court held that the trial court "did not abuse its discretion when it failed to apply any excess monthly benefits to [the obligor's] accrued arrearages." Id., 222. Furthermore, the Montana Supreme Court ordered the trial court on remand to "(1) apply the lump sum toward any arrearages which accrued during the period of [the obligor's] disability and prior to the commencement of monthly Social Security payments to [the obligor's] children, and (2) to credit [the obligor's] accrued arrearages by the amount of child support paid directly by [the obligor] during that period." Id. It is noted, however, that in Cowan, supra, the children were still minors when benefits were paid, whether lump sum or monthly, and payments from the Social Security Administration were made directly to the custodial parent. In Jenerou v.Jenerou, 503 N.W.2d 744 (Mich. 1993), the Michigan Court of Appeals was faced with the issue presently before this court. The facts of Jenerou v. Jenerou, supra, are as follows: The parties were divorced on June 6, 1980 at which time the only child of the marriage, who was born on November 2, 1970, was approximately ten years of age. The plaintiff wife received custody and the defendant husband "was ordered to make child support payments to the friend of the court." Id., 745. "In 1986, the defendant applied for social security disability benefits. In August, 1990, the Social Security Administration determined that the defendant had been disabled since January 1, 1986, and awarded him monthly benefits and a lump-sum payment for the benefits he had been entitled to since 1986. . . . [The] defendant's daughter was found to have been a dependent child of someone who was disabled, and so also received a large lump-sum payment for back benefits."Id.
The defendant, Mr. Jenerou, was in arrears in the amount of $4498 and sought a credit of $3339, the amount of the lump-sum payment made directly to the daughter. The court acknowledge its prior ruling in Frens v. Frens, supra, but distinguished that case on the facts stating: "In this case, however, defendant is entitled to no credit, because the benefits were not paid to plaintiff, but directly to the daughter, who by then had reached the age of majority." (Emphasis added.) Jenerou v. Jenerou,supra, 503 N.W.2d 746. Because the payments were made directly to the child and not the custodial parent, the court found that the arrearage still existed and upheld the trial court's order against the husband to pay $4498, the total arrearage. CT Page 10952
Jenerou v. Jenerou, supra, is directly on point. The social security payments in the present case were made directly to the child, Joy Lynn, after she reached the age of majority and were not made to the custodial parent. Thus, the court finds that the defendant, for the aforesaid reasons, is not entitled to a credit in the amount of $10,406 representing social security benefits paid directly to the child three years after she reached the age of majority. The defendant owes the plaintiff the full amount of the arrearage assessed by Judge Pittman in the amount of $14,221.46.
MORAN, J.