1999 ND 92

**Stacey TIBOR, Plaintiff and Appellant,**

v.

**Chris BENDRICK, Defendant and Appellee.**

**No. 980389.**

Supreme Court of North Dakota.

May 19, 1999.

Sheila K. Keller, Special Assistant Morton County State's Attorney, Regional Child Support Enforcement Unit, Bismarck, ND, for plaintiff and appellant.

Chris Bendrick, pro se, submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] The Regional Child Support Enforcement Unit (RCSEU) appealed from an amended judgment of the district court eliminating Chris Bendrick's monthly child support obligation and child support arrearages. We affirm, but remand for determination of the arrearages which accumulated prior to September 1995.

[¶ 2] S.F.T. was born March 20, 1987 to Stacey Tibor. A judgment was entered March 25, 1992 declaring Bendrick to be the child's father and ordering Bendrick to pay child support in the amount of $270 per month. The judgment also ordered Bendrick to reimburse the Morton County Social Service Board $3,760 for assistance provided for the care and support of S.F.T. and $240 to cover the costs of a blood test. Bendrick fell into arrears totaling $12,505 as of June 1998.

[¶ 3] In December 1997, Bendrick was declared disabled and began receiving disability benefits from the Social Security Administration in the amount of $876 per month. S.F.T. began receiving $459 per month in social security dependency benefits. In February 1998, S.F.T. received a lump sum payment of $12,840 representing social security dependency benefits from September 1995 through January 1998.

[¶ 4] On June 10, 1998, Bendrick brought a motion to modify his child support obligation from $270 to $0 based on the fact he had been declared disabled and S.F.T. was receiving social security dependency benefits. Bendrick later amended the motion requesting that his child support arrearages also be eliminated because S.F.T. received the $12,840 back payment based on his disability.

[¶ 5] In an amended judgment, the district court granted Bendrick's motion to eliminate his child support obligation because the monthly social security dependency benefits exceed his monthly child support obligation. The district court also determined that the $12,840 payment should be credited toward Bendrick's child support arrearages.

[¶ 6] On appeal, RCSEU argues the district court's credit of $12,840 to Bendrick's child support arrearages was an improper retroactive modification. RCSEU relies upon our decisions in *Austin v. Towne*, 1997 ND 59, 560 N.W.2d 895 and *Guthmiller v. Guthmiller*, 448 N.W.2d 643 (N.D.1989). In *Guthmiller*, at 649, we rejected the obligor's argument that the credit given for the children's social security disability benefits should be retroactive and, therefore, applied to his child support arrearages. We stated:

> To apply the credit to the arrearages which accrued prior to the obligor's filing of the modification application would amount to a retroactive modification of vested support rights. This we will not do. The credit should be applied at the time of the filing, however, only if the benefits are then being paid to the dependent child or the child's representative payee.

*Id.* Similarly, in *Austin*, at ¶ 14, we upheld the district court's denial of the obligor's motion to reconsider the modification of his child support obligation recognizing that

"[p]ast due and unpaid support cannot be retroactively modified." This court explained: "Towne accumulated arrearage from 1981 to 1991. The children received Social Security Administration dependency benefits in 1989. Towne did not apply for credit when the children began receiving benefits. Social Security Administration payments could not be credited retroactively to modify Towne's arrearage." *Id.* at ¶ 15.

[¶ 7] But, the prior case law does not control the issue before us because it pre-dates the 1995 amendments to N.D. Admin. Code § 75–02–04.1–02.[1] Under the current child support guidelines:

> 11. A payment of children's benefits made to or on behalf of a child who is not living with the obligor must be credited as a payment toward the obligor's child support obligation in the month (or other period) the payment is intended to cover, but may not be credited as a payment toward the child support obligation for any other month or period.

N.D. Admin. Code § 75–02–04.1–02(11). Thus, the guidelines expressly provide that benefits, including social security disability dependency benefits, must be credited as a payment toward Bendrick's child support obligation for the particular months or period the payment was intended to cover.

[¶ 8] The record indicates the lump sum payment represented benefits from September 1995 through January 1998, when Bendrick was disabled and not working. However, through no fault of Bendrick, S.F.T. did not receive these benefits until February 1998. Following the guidelines, we conclude S.F.T.'s receipt of the lump sum payment of social security disability benefits, which resulted from a lapse of time between the disability determination and the commencement of benefits, was a payment toward Bendrick's obligation for the period the payment was intended to cover. The payment must therefore be credited to Bendrick's child support arrearages which accrued from September 1995 through January

1998. *Cf. Frens v. Frens*, 191 Mich.App. 654, 478 N.W.2d 750 (1991) (holding social security payment should be credited to obligor's arrearage where the arrearage accumulated after the date the obligor became disabled, but not credited to the arrearage which accrued before then); *Farley v. Farley*, 186 W.Va. 263, 412 S.E.2d 261, 264 (1991) (finding that when the Social Security Administration awards a lump sum payment to the caretaker of dependent children, a court may credit the amount received to any accrued arrearage); *Faul v. Faul*, 548 So.2d 957, 961 (La.Ct.App.1989) (determining obligor was entitled to offset his arrearage by the total amount of social security disability benefits received by his children where the benefits were for the same time period as the child support arrearage was due); *Potter v. Potter*, 169 N.J.Super. 140, 404 A.2d 352, 356–57 (1979) (finding social security disability payments satisfied any outstanding child support obligation which had accrued because obligor was unable to work the entire period that the arrearage accrued, had no other income sufficient to meet the support obligation and his failure to provide support was not willful); *Potts v. Potts*, 240 N.W.2d 680, 682 (Iowa 1976) (stating "in an exceptional case like the present one where a child support arrearage occurred because of a lapse of time between the occurrence of the disability and the commencement of benefit payments, any excess of payments over the obligation during the benefit period may fairly be credited against that arrearage").

[¶ 9] The lump sum social security disability payment was intended to cover a specific period of time. However, some of the arrearages accrued before the start of Bendrick's disability eligibility. N.D. Admin. Code § 75–02–04.1–02(11) expressly limits the crediting "toward the obligor's child support obligation in the month (or other period) the payment is intended to cover, but may not be credited as a payment toward the child support obligation for any other month or period." As a result, Bendrick is only entitled to credit arrearages accruing from

---

1.  *See Austin v. Towne*, 1997 ND 59, ¶ 15 n. 1, 560 N.W.2d 895 (recognizing this case did not address the January 1995 amendments to the child support guidelines). In 1995, subsections (8) through (11) were added to N.D. Admin. Code § 75–02–04.1–02.

September 1995 through January 1998. Because the record does not include a child support ledger showing the amount of arrearages which accumulated prior to September 1995, the starting date of the social security dependency benefits, we remand the case to the district court for a determination of that amount.

[¶ 10] We affirm the trial court's order to eliminate arrearages accruing after August 1995. We remand for a determination of arrearages accruing prior to September 1995 and reverse as to any arrearages accruing prior to that date.

[¶ 11] KAPSNER, SANDSTROM, NEUMANN and MARING, JJ., concur.

