JOHN O'BRYAN *v.* JANET O'BRYAN
(SC 16666)

Sullivan, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued December 3, 2002—officially released February 4, 2003

---

*Brenden P. Leydon*, with whom was *Gary Oberst*, for the appellant (plaintiff).

*Thomas C. C. Sargent*, for the appellee (defendant).

*Opinion*

PER CURIAM. The defendant, Janet O'Bryan, appeals, following our grant of certification, from the judgment of the Appellate Court reversing the judgment of the trial court. The issue presented in this appeal is whether a trial court has the authority under General Statutes § 46b-66[1] to modify an agreement concerning child support between the plaintiff, John O'Bryan, and the defendant that has been incorporated by reference into a court decree dissolving their marriage, in the absence of a written agreement between the parties permitting such modification. We conclude that the trial court does not have such authority. Accordingly, we affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following facts and procedural history. "On October 18,

[1] General Statutes § 46b-66 provides in relevant part: "[W]here the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visitation with any minor child . . . . If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . . If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree . . . ."

1991, the parties entered into a separation agreement. On January 3, 1992, the court rendered a judgment of dissolution of the parties' marriage that incorporated the parties' separation agreement. In accordance with the separation agreement, the court awarded the parties joint legal custody of their two minor children. The defendant was granted physical custody with reasonable visitation in the plaintiff. The agreement provided in relevant part that the plaintiff would pay child support until the end of 2006, when the children would be ages twenty-seven and twenty-one, respectively.

"On December 14, 1999, the plaintiff filed a motion to modify his child support payments by directing a portion of the support directly to the older child, who was then twenty and living independently. On February 14, 2000, the defendant filed a motion for modification seeking to increase child support due to a substantial change in circumstances, namely, an increase in the plaintiff's income. On April 10, 2000, the court granted both motions for modification. The court ordered that child support be increased by 20 percent and that 50 percent of the child support payment be paid directly to the older child and the other 50 percent to the defendant." *O'Bryan* v. *O'Bryan*, 67 Conn. App. 51, 52–53, 787 A.2d 15 (2001).

Thereafter, the defendant appealed to the Appellate Court, claiming that the trial court improperly had modified the plaintiff's obligation to pay postmajority child support because the parties did not have a written agreement that provided that the court could modify postmajority child support as required by § 46b-66. The Appellate Court agreed and reversed the judgment of the trial court. Id., 53. The plaintiff petitioned for certification to appeal from the judgment of the Appellate Court to this court, and we granted certification, limited to the following issue: "Did the Appellate Court properly conclude that the trial court did not have authority,

under General Statutes § 46b-66, to modify the postmajority child support provision by requiring that a portion of it be paid directly to the child?" *O'Bryan* v. *O'Bryan*, 259 Conn. 911, 789 A.2d 995 (2002).

"After fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose."[2] *Kitmirides* v. *Middlesex Mutual Assurance Co.*, 260 Conn. 336, 338–39, 796 A.2d 1185 (2002), citing *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001), *Wood* v. *Amer*, 253 Conn. 514, 515–16, 755 A.2d 175 (2000), and *Biller Associates* v. *Route 156 Realty Co.*, 252 Conn. 400, 404, 746 A.2d 785 (2000).

The judgment of the Appellate Court is affirmed.

---

[2] To the opinion of the Appellate Court we add only that, contrary to the plaintiff's assertion, this decision does not prevent the trial court from enforcing a child support agreement that has been incorporated into a decree dissolving a marriage. If the defendant is in violation of such an agreement, as the plaintiff asserts, the plaintiff's proper remedy is a motion for contempt. See *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 241, 796 A.2d 1164 (2002) ("the contempt power arises from the court's inherent power to vindicate prior judgments").