ROBERT M. TARBOX *v.* LINDA S. TARBOX
(AC 23723)

Foti, Dranginis and Dupont, Js.

Argued April 29—officially released August 10, 2004

*Sandra M. McDonough,* for the appellant (defendant).

*Geraldine Ficarra,* for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. The primary issue in this appeal from the trial court's postjudgment dissolution orders is one of first impression in our appellate courts. The question is whether a parent who has been ordered, pursuant to a judgment of dissolution, to pay child support and who subsequently becomes disabled may satisfy that

obligation to the custodial parent by means of the social security dependency benefits[1] (dependency benefits) paid directly to, rather than on behalf of, a child who has reached the age of majority. We conclude that the dependency benefits paid directly to a child who has reached the age of majority, rather than to the custodial parent, do not fulfill the obligations of court-ordered child support. We, therefore, reverse the judgment of the trial court.

The defendant, Linda S. Tarbox, appeals from the court's postjudgment orders regarding her motion for contempt and a contempt motion filed by the plaintiff, Robert M. Tarbox. The defendant claims that the court improperly (1) concluded that the plaintiff may fulfill his child support obligation by directing that dependency benefits be paid to the parties' adult child rather than to her, the custodial parent, (2) found that the plaintiff did not intentionally fail to make child support payments to her and (3) failed to award her attorney's fees.

The parties agree to the following facts that are relevant to this appeal. The court, *Coppeto, J.*, dissolved the marriage of the parties on February 3, 1995. The judgment incorporated the parties' agreement, which, among other things, required the plaintiff to pay the defendant $126.50 per week in child support. Two children were born of the marriage. The plaintiff was obligated to pay child support until the younger child graduated from high school or reached the age of eighteen, whichever occurred later. The amount of the child support obligation was subject to modification when the older child became eighteen years of age or graduated from high school, whichever occurred later. The parties' older child became eighteen years old in October, 1998, and the younger child became eighteen years

---

[1] The benefits were paid pursuant to 42 U.S.C. § 402 (d).

old in October, 2000. Both of the children graduated from high school on the same day, June 22, 2001.[2]

Subsequent to the dissolution, the plaintiff became disabled and applied for supplemental security income under the Social Security Act. In February, 2001, the parties' younger child[3] received a lump sum payment of $7328 for dependency benefits due to him for the period of March, 2000, through January, 2001.[4] Thereafter, the younger child received a monthly benefit check in the amount of $685 until June 22, 2001.

On October 24, 2001, the defendant filed an application for an order to show cause and contempt citation, postjudgment, in which she alleged that the plaintiff's child support obligation, which the plaintiff was required to pay until June 22, 2001, the date that the parties' younger child graduated from high school, had not been paid to her. Furthermore, although the child support obligation was subject to modification when the older child graduated from high school, it had not been modified. The defendant alleged that the plaintiff wilfully failed to pay the full amount of child support due in 1999 and ceased making all such payments in September, 2000. The defendant alleged that the plain-

[2] Because both children graduated from high school on the same date, the condition recognized in the separation agreement as a trigger for modification, i.e., the older child's graduation, did not occur. Nonetheless, at the time the plaintiff was determined to be disabled, he failed to file a motion seeking to modify his child support obligation due to a substantial change in circumstances. See General Statutes § 46b-86 (a); *Prial* v. *Prial*, 67 Conn. App. 7, 11, 787 A.2d 50 (2001). He resorted to self-help instead. The plaintiff first filed a motion to modify his child support obligation in response to the defendant's motion for contempt.

[3] The plaintiff was determined to have been disabled in March, 2000. The older of the parties' children did not receive benefits because he had reached the age of majority prior to that time.

[4] The plaintiff directed the social security administration to deposit the sum directly in the younger child's bank account at a bank in Wallingford, the town in which the plaintiff lived. The younger son resided with the defendant in Orange.

tiff owed her $7731 in child support. She also alleged that as of September, 2001, she owed the defendant $21,000, which was the final installment due on the marital property distribution (property distribution). The plaintiff sought to offset the amount of the property distribution by the amount of the child support arrearage. The plaintiff, thereafter, filed an application to show cause, and a motion for contempt and for modification of his child support obligation.

The parties appeared and argued their motions on November 26, 2001. The court, *Cutsumpas, J.*, thereafter ordered them to submit briefs addressing two issues: (1) whether child support may be modified retroactively and (2) whether the disabled parent is entitled to credit a child support arrearage with the dependency benefits paid to an adult child.

In its memorandum of decision filed April 3, 2002, the court noted that, pursuant to General Statutes § 46b-86 (a),[5] a child support order may be modified retroactively only to the date of service of the pending motion on the opposing party.

The court found that the plaintiff's child support obligation was subject to modification when the older child graduated from high school. The parties' children both graduated from high school on June 22, 2001, which is the date the plaintiff's child support obligation ceased pursuant to the self-executing terms of the dissolution judgment. The plaintiff had filed his motion to modify his child support obligation on October 15, 2001, which was subsequent to the end of his child support obligation. The court concluded, therefore, that the plaintiff's

---

[5] General Statutes § 46b-86 (a) provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

request for modification of his child support obligation was moot, citing § 46b-86 (a).

As to the second issue the parties briefed, the plaintiff argued that his child support obligation was modified retroactively by operation of law on March 1, 2000, when he received a disability benefits award. He also claimed that because he was not obligated to pay child support while the younger child received benefits, he was entitled to be repaid the child support he had paid to the defendant. The court again concluded that because the plaintiff had filed his motion to modify on October 17, 2001, his child support obligation could not be modified retroactively to March 1, 2000. The court also concluded that because the benefits paid to the younger child represented the plaintiff's earnings, he was entitled to credit them toward his child support obligation. Any dependency benefits in excess of his child support obligation, however, was a gratuity to the younger child. The court ordered that the lump sum benefit paid to the younger child for the period of March, 2000, through January, 2001, be credited to the child support arrearage the plaintiff owed the defendant for that period of time. Furthermore, the monthly benefits checks the younger child received from February, 2001, through June, 2001, should be applied as a credit against any arrearage due the defendant to the extent of the plaintiff's obligation, but not exceeding it.

The court denied the defendant's request to offset the property distribution she owed by the amount of the child support arrearage. The defendant, therefore, still owed the plaintiff $21,000. Judgment was rendered accordingly.

The defendant filed a motion to open the judgment and to reargue, claiming that the court improperly determined that (1) the plaintiff owed her no child support arrearage and (2) she was not entitled to setoff the

child support arrearage from the property distribution. She also distinguished the trial court decisions cited by the court in its memorandum of decision regarding payment of social security benefits to a child rather than to the custodial parent. Finally, she noted that the court did not address her motion for contempt and made several arguments in support of a contempt finding.

The court held another hearing and issued a memorandum of decision on November 21, 2002, in which it calculated the amount of child support the plaintiff owed the defendant.[6] The court found that the defendant should be credited $135 for unpaid child support in 1999 and $249.35 for unpaid child support in January and February, 2000. The total unpaid child support was $384.35, which the court set off against the $21,000 property distribution. The court made no finding of contempt and awarded neither party attorney's fees. The defendant appealed.

I

The defendant first claims, on appeal, that the court improperly determined that the plaintiff was relieved of his obligation to pay her child support because dependency benefits were paid to the parties' younger child when he reached the age of majority. We agree with the defendant.

Resolution of the defendant's claim requires us to interpret the statutory scheme that governs child support determinations in Connecticut and, therefore, constitutes a question of law. See *Charles* v. *Charles*, 243 Conn. 255, 258, 701 A.2d 650 (1997). "The standard of appellate review governing questions of law is that where the legal conclusions of the court are challenged,

[6] The court never ruled on the motion to open the judgment. In view of the fact that the court held a hearing and issued a memorandum of decision, we conclude that it granted de facto the motion to open.

we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *Jenkins* v. *Jenkins*, 243 Conn. 584, 588, 704 A.2d 231 (1998).

The statutory scheme at issue here is the child support and arrearage guidelines. "The guidelines are set forth at § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies. The guidelines are promulgated by the commission for child support guidelines . . . which was established by the legislature pursuant to General Statutes § 46b-215a." *Jenkins* v. *Jenkins*, supra, 243 Conn. 586 n.2. "[T]he purpose of a child support order is to provide for the care and well-being of minor children, and not to equalize the available income of divorced parents . . . ." *Battersby* v. *Battersby*, 218 Conn. 467, 473, 590 A.2d 427 (1991); see also General Statutes § 46b-84 (a) ("parents of a minor child of the marriage, shall maintain the child according to their respective abilities"). General Statutes § 46b-66 permits parents to agree in writing to provide child support for a child beyond the age of eighteen years.[7]

Here, the plaintiff agreed to provide $126.50 per week of child support for the benefit of both of his children until his older child reached the age of eighteen or graduated from high school, whichever came later, at which time the child support was modifiable. He also agreed to provide child support for his younger child until that child reached the age of eighteen or graduated from high school, whichever came later. As it was, both of his children reached the age of eighteen before graduating from high school, and both of them graduated

[7] General Statutes § 46b-66 (a) provides in relevant part: "If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree . . . ."

from high school on June 22, 2001. The plaintiff therefore was responsible for paying $126.50 a week in child support for the benefit of both of his children from the time of the dissolution until June 22, 2001.[8]

It is without question that *under certain circumstances*, a parent's child support obligation may be fulfilled in whole or in part by dependency benefits paid on behalf of a minor child. See *Jenkins* v. *Jenkins*, supra, 243 Conn. 584. *Jenkins* concerned the postjudgment modification of a child support obligation. Our Supreme Court held that the dependency benefits paid on behalf of the minor children and credited toward the plaintiff's child support obligation must be included in his gross income for purposes of determining the amount of child support required under the guidelines. Id., 595. The rule in *Jenkins* could have been applied here. If the plaintiff in this case wanted the blessing of the court to credit the dependency benefits paid to his younger child toward the child support obligation, he could have requested first a modification of his child support and submitted guideline worksheets reflecting his changed financial circumstances for the purpose of determining the amount of his child support obligation, as the plaintiff did in *Jenkins*. This procedure is consistent with § 46b-86 (a).

The trial courts of this state have addressed the questions of whether and how dependency benefits paid to the custodial parent on behalf of a minor child are to be credited to the disabled, noncustodial parent's child support. We are aware of several trial court decisions applying the rule that lump sum benefits *paid to the custodial parent for the benefit of a minor child* may be credited toward a child support arrearage. See, e.g., *Washburn* v. *O'Reilly*, Superior Court, judicial district

---

[8] Apparently, neither the parties nor the court considered this fact in their arguments or decision.

of Hartford-New Britain at Hartford, Docket No. 315735 (February 18, 1998) (21 Conn. L. Rptr. 321); *Harabosky* v. *Harabosky*, Superior Court, judicial district of Danbury, Docket No. 310762 (February 10, 1998). We are aware of one trial court decision that has addressed a situation similar to the one at issue here, that is, where the lump sum payment of past due dependency benefits was paid directly to a child who had reached the age of majority. See *Vumbeck* v. *Vumbeck*, Superior Court, judicial district of New Haven, Docket No. 206296 (October 29, 1997) (20 Conn. L. Rptr. 403). We now adopt the rule and reasoning of *Vumbeck* to the situation in which dependency benefits are paid to the adult child, not to the custodial parent who was to receive child support.

Because the trial court in *Vumbeck* had no Connecticut appellate precedent to rely on for the facts of that case, it looked to other jurisdictions and found a case on point: *Jenerou* v. *Jenerou*, 200 Mich. App. 265, 503 N.W.2d 744 (1993). "The parties were married on March 10, 1969, and divorced on June 6, 1980. The couple had one child . . . born on November 2, 1970. As part of the judgment of divorce, plaintiff received custody of the girl, and defendant was ordered to make child support payments to the friend of the court. In 1986, the defendant applied for social security disability benefits. In August, 1990, the Social Security Administration determined that defendant had been disabled since January 1, 1986, and awarded him monthly benefits and a lump-sum payment for the benefits he had been entitled to since 1986. At the same time, defendant's daughter was found to have been a dependent child of someone who was disabled, and so also received a large lump-sum payment for back benefits.

"Defendant concedes that he has not made . . . ordered child support payments. He claims that he should be given a credit . . . against this arrearage

because of the Social Security Administration's lump-sum payment to his daughter." Id., 266. "[The defendant] filed a petition for modification of the support order in 1987, but abandoned his claim before the trial court rendered a decision. Because no petition for modification of the order is pending, retroactive modification of the order is not possible." Id., 267.

Michigan permits disability payments made to a custodial party on behalf of a child to be credited against a disabled noncustodial parent's child support arrearage; id., citing *Frens* v. *Frens*, 191 Mich. App. 654, 478 N.W.2d 750 (1991); as does Connecticut. See *Jenkins* v. *Jenkins*, supra, 243 Conn. 584. In *Jenerou*, "however, the defendant [was] entitled to no credit, because the benefits were not paid to plaintiff, but directly to the daughter, who by then had reached the age of majority." *Jenerou* v. *Jenerou*, supra, 200 Mich. App. 267. "The child does not receive the benefits because the federal government has decided to assume the parent's obligation to support the child, but only because the child is determined to be eligible for the benefits under federal law." Id., 267–68. We agree with the reasoning of the Michigan Court of Appeals.

We also agree with the procedure recommended by that court. The Court of Appeals recognized, as our guidelines do; see *Jenkins* v. *Jenkins*, supra, 243 Conn. 594; that dependency benefits may be considered when determining the amount of child support and furnish a basis for a modification of child support. "As in this case, the federal government sometimes takes years to make a decision, and this can lead to a retroactive award of benefits. Under such circumstances the party applying for federal benefits should petition the trial court for modification of a support order based on the apparent inability to work caused by the disability and alert the court to the pending application for benefits. The trial court could defer its ruling on the petition

until the federal government decides whether to award the benefits. This would give the trial court the power to modify the support order retroactively to take into account all the changes in circumstance, while at the same time providing the custodial parent with notice that such a modification is a possibility." *Jenerou* v. *Jenerou*, supra, 200 Mich. App. 268. Although we think it prudent for a noncustodial parent who has applied for social security benefits to file a motion for modification on the basis of a change of circumstances, the filing of that motion in no way relieves the parent of his or her obligation to provide child support for the benefit of the parties' child or children until such time as there is a modification, if any, of the order.

Here, due to the circumstances of the children and their expected date of graduation from high school, the plaintiff was ordered pursuant to the parties' dissolution agreement to provide child support for both of his children in the amount of $126.50 per week. He stopped making the support payments to the defendant well before the children's graduation. The support was to be paid to the defendant for the benefit of the parties' two children. The plaintiff's decision to direct payment of dependency benefits to the younger of the parties' children, who had reached the age of majority, did not relieve him of his obligation to pay child support to the defendant. We previously held that where the language of the separation agreement incorporated in the judgment of dissolution requires a parent to pay support for the children beyond the age of majority, the parent is bound by the language of the contractual obligation to pay child support to the custodial parent, not to the adult child. *O'Bryan* v. *O'Bryan*, 67 Conn. App. 51, 56, 787 A.2d 15 (2001), aff'd, 262 Conn. 355, 813 A.2d 1001 (2003).

We therefore reverse the judgment of the court and remand the case for further proceedings to determine

the child support arrearage the plaintiff owes the defendant, which sum should be credited against the $21,000 property distribution.

## II

The defendant also claims that the court improperly denied her motion for contempt and for attorney's fees. In view of our legal determination in part I, we reverse the judgment of the court as to that motion, but decline to address the issues on appeal. The defendant's motion for contempt and for attorney's fees is to be reconsidered on remand.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.