**Michael DEDEK, Appellant–Respondent,**

v.

**Mary DEDEK, Appellee–Petitioner.**

No. 53A01–0512–CV–548.

Court of Appeals of Indiana.

Aug. 3, 2006.

Carl Paul Lamb, Carl Lamb and Associates, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Because of Michael Dedek's ("Father") disability, his children received a lump sum payment of retroactive Social Security disability benefits as well as monthly benefits going forward. Father sought to have this lump sum payment credited against his rather substantial child support arrearage, and the trial court refused to do so. In light of the Indiana Supreme Court's recent opinion in *Brown v. Brown*, we hold that Father is entitled to a credit against his arrearage, but only for the arrearage accumulated *after* he filed his petition to modify his child support based on his disability. We also hold that the trial court erred by applying direct payments Father made to his ex-wife Mary Dedek ("Mother") to the children's educational expenses rather than to his child support arrearage. We therefore reverse and remand.

### Facts and Procedural History

Father and Mother were married in 1991. During the marriage, they had four children. In 2000, Mother filed a petition for dissolution of marriage, and the trial court granted the dissolution that same year. Mother was awarded custody of the children, and Father was ordered to pay $328.01 per week in child support. Father was also ordered to pay one-half of all costs incurred to St. Charles School for the children's education.

Subsequent to the dissolution, Father applied for Social Security Disability In-

surance (SSDI) benefits because of his bipolar disorder. In March 2003, the State of Indiana filed a Motion for Rule to Show Cause against Father alleging that he was in arrearage on his child support obligation. The parties stipulated that Father's arrearage was $18,746.54 as of September 30, 2003.

On October 5, 2004, the Social Security Administration determined that Father was disabled, and his disability start date was determined to be May 13, 2002. *See* Appellant's App. p. 88. Father's disability payment is $1580 per month, which he started receiving in January 2005. His children also receive a monthly disability payment.

On December 14, 2004, Father filed a Petition for Modification of Child Support. Thereafter, the trial court entered an Agreed Order Modifying Support, wherein Father was ordered to pay $173.00 per week in child support effective December 14, 2004. The parties agreed that the child support obligation would be satisfied "as long as the parties' children continue to receive payment of Social Security benefits on account of Respondent's disability in an amount that is at least equal to $173.00 per week." *Id.* at 74. In the event the Social Security benefits payable to the children on account of Father's disability fail to equal $173.00 per week, Father was ordered to make payments through the Monroe County Clerk's Office to make up the difference. The issue of Father's child support arrearage was preserved for a future hearing.

On December 16, 2004, the children received a lump sum payment of retroactive SSDI benefits in the amount of $19,972.00. In addition, from October 2003 to February 2005, Father paid directly to Mother $5367.00.

In August 2005, the trial court held a hearing to determine Father's child support arrearage. At the hearing, Father claimed that the lump sum payment of retroactive SSDI benefits to his children should be applied to his arrearage. Father also argued that the $5367.00 that he paid directly to Mother should be applied to his arrearage. On November 7, 2005, the trial court issued an Order that contained Findings of Fact and Conclusions of Law. Specifically, the trial court "DE-NIE[D] Father's request to have the direct payments made to Mother credited toward his child support arrearage." *Id.* at xix. Instead, the court ordered that "[t]he direct payments made by Father to Mother ... are to be applied and credited towards[ ] Father's fifty percent (50%) financial reimbursement for the children's expenses to St. Charles School." *Id.* at xxi. As for whether the lump sum payment of retroactive SSDI benefits to the children should be applied to Father's child support arrearage, the trial court acknowledged that *Brown v. Brown,* 823 N.E.2d 1224 (Ind.Ct.App.2005), *trans. granted,* addressed this very issue but noted that the Indiana Supreme Court had granted transfer in the case on September 8, 2005. The court then relied on a case addressing a related issue, *Stultz v. Stultz,* 659 N.E.2d 125 (Ind.1995) (addressing social security *retirement* benefits, not *disability* benefits), and concluded as follows:

> [T]he SSDI payment conferred on the children was an entitlement which belongs to them, and that said payment was not intended to supplant Father's child support. The parties' children are entitled to the SSDI payment *and* the past due child support.

Appellant's App. p. xx. Father appealed this Order, and the trial court stayed the arrearage determination pending the outcome of the appeal. After briefing was complete in this case, our Supreme Court issued its decision in *Brown v. Brown,* 849 N.E.2d 610 (Ind.2006). We now analyze this case in light of *Brown.*

## Discussion and Decision

Father raises two issues on appeal. First, he contends that the trial court erred when it refused to credit the lump sum payment of retroactive SSDI benefits to his children against his child support arrearage. Second, he contends that the trial court erred when it refused to credit the $5367.00 he gave directly to Mother against his arrearage.

■ We note that the trial court entered findings and conclusions. Thus, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, we determine whether the findings support the judgment. *In re Paternity of G.R.G.,* 829 N.E.2d 114, 117 (Ind.Ct.App.2005). We disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* The challenger must establish that the trial court's findings are clearly erroneous. *Id.* Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. *Id.* However, we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.* We now address Father's arguments.

## I. Lump Sum Payment of Retroactive SSDI Benefits

■ Father contends that the trial court erred when it refused to credit the lump sum payment of retroactive SSDI benefits to his children against his child support arrearage. On June 29, 2006, our Supreme Court issued *Brown,* wherein it held as follows:

[A] disabled parent is entitled to have Social Security disability benefits paid to a child because of that parent's disability credited against the parent's child support obligations. As such, a disabled parent with respect to whom Social Security disability benefits are paid to the parent's child is entitled to petition the court for modification of the parent's child support to reflect a credit for the amount of the payments. The credit takes effect as of the date of the petition.

*Brown,* at 613–14. The court went on to set forth some general principles on the handling of lump sum payments of retroactive SSDI benefits to children of disabled parents. Specifically, the court held that such lump sum payments "cannot be credited against child support arrearages that are accumulated *before* the noncustodial parent has filed a petition to modify based on the disability." *Id.* at 615–16 (emphasis added). The court acknowledged that a disabled parent has limited influence over the length of time the Social Security Administration will take in processing the parent's claim. *Id.* Therefore, the court offered the following recommendation:

As in this case, the federal government sometimes takes years to make a decision, and this can lead to a retroactive award of benefits. Under such circumstances the party applying for federal benefits should petition the trial court for modification of a support order based on the apparent inability to work caused by the disability and alert the court to the pending application for benefits. The trial court could defer its ruling on the petition until the federal government decides whether to award the benefits. This would give the trial

court the power to modify the support order retroactively to take into account all the changes in circumstance, while at the same time providing the custodial parent with notice that such a modification is a possibility.

*Id.* (quoting *Jenerou v. Jenerou,* 200 Mich. App. 265, 503 N.W.2d 744, 746 (1993)). The court added that "the filing of the petition does not relieve the parent of the parent's child support obligation until such time as there is a modification, if any, of the existing child support order." *Id.* We now apply these principles to the case at hand.

The record shows that Father did not file his Petition for Modification of Child Support until December 14, 2004. As our Supreme Court said in *Brown,* lump sum payments of retroactive SSDI benefits to children cannot be credited against child support arrearages that are accumulated *before* the noncustodial parent has filed a petition to modify based on the disability. Although it is established that Father's arrearage was $18,746.54 as of September 30, 2003, the record is undeveloped as to Father's arrearage as of December 14, 2004. Therefore, we must remand this case to the trial court for a determination of Father's arrearage as of December 14, 2004. Father is not entitled to have the lump sum payment of $19,972.00 credited to his arrearage in full. Rather, Father is only entitled to credit for any arrearage that he accumulated *after* he filed his petition to modify. And to the extent the lump sum payment of $19,972.00 exceeds the arrearage Father accumulated after he filed his petition to modify, "the excess amount is properly treated as a gratuity to the children and no credit is granted."[1] *Brown,* at 616.

---

1. Our Supreme Court added that "[t]his may also be the case where prospective Social Security disability benefits paid to children

exceed the amount of the parent's corresponding child support payment." *Brown,* at 616. We mention this because in its Order,

## II. Direct Payments to Mother

■ Father next contends that the trial court erred when it refused to credit the $5367.00 he gave directly to Mother between October 2003 and February 2005 against his child support arrearage. The property settlement agreement, which was incorporated into the parties' decree of dissolution, states that Father's child support payments "shall be paid to the Clerk of Monroe County." Appellant's App. p. xviii. The agreement also states that Father "shall pay ½ of all costs incurred to Saint Charles School by any of the said children. Husband shall make his checks payable to Saint Charles School and deliver the same to [Mother] for forwarding to Saint Charles School." *Id.* At the hearing, Mother conceded that she had received direct payments from Father between October 2003 and February 2005 totaling $5367.00; however, she argued that because the payments did not go through the clerk's office, they should be applied to the children's educational expenses. Importantly, Mother also conceded that the $5367.00 exceeded Father's one-half obligation and that she had never raised the issue of Father's alleged failure to pay these educational expenses. In fact, Mother agreed that there was "nothing" even before the court regarding Father's alleged arrearage for educational expenses. *Id.* at 44. And when asked about Father's alleged arrearage for educational expenses, Mother replied, "I don't have the figures in front of me. I would have to put it together. I have it, like a record at home." *Id.* at 45. Despite this dearth of evidence, the trial court concluded that because the dissolution decree stated that the child support payments were to be made through the clerk's office, Father's direct payments to Mother were for the children's educational expenses, not child support. We find this to be clearly erroneous.

Credit has been allowed for payments that do not technically conform to the original support decree. *Nill v. Martin,* 686 N.E.2d 116, 118 (Ind.1997). For example, where the obligated parent makes payments directly to the custodial parent rather than through the clerk of the court, appellate courts have recognized these payments when there was sufficient proof to convince a trier of fact that the required payments were actually made. *Id.* Given Mother's failure to present *any* evidence concerning Father's alleged arrearage for educational expenses and Mother's admission that she, in fact, received $5367.00 from Father between October 2003 and February 2005, the trial court wrongly ordered that the money should be "applied and credited towards[ ] Father's fifty percent (50%) financial reimbursement for the children's expenses to St. Charles School." Appellant's App. p. xxi. Rather, the trial court should have credited the $5367.00 against Father's child support arrearage at the time. On remand, the trial court should apply the $5367.00 to Father's arrearage.

Reversed and remanded.

DARDEN, J., and RILEY, J., concur.

---

the trial court concluded that "[i]f the weekly SSDI amount is greater than $173.00, then the surplus shall be a credit towards Father's child support arrearage so long as arrearage exists." Appellant's App. p. xxi-xxii. Therefore, to the extent the children's SSDI payment exceeds $173.00 per week, it is to be considered a gratuity. *See id.*