Scott BUTTERFIELD, Appellant–Respondent,

v.

Jane (Butterfield) CONSTANTINE, Appellee–Petitioner.

No. 30A05–0609–CV–528.

Court of Appeals of Indiana.

April 19, 2007.

Appellant's App. at 123-24.

Mark Small, Indianapolis, IN, Attorney for Appellant.

David W. Stone IV, Stone Law Office & Legal Research Anderson, IN, Gregg H. Morelock, Brand, Davis, Elsea, & Morelock, Greenfield, IN, Attorneys For Appellee.

## OPINION

KIRSCH, Judge.

Scott Butterfield ("Scott") appeals the trial court's calculation of his child support, college expenses, and arrearage obligation owed to his ex-wife, Jane (Butterfield) Constantine ("Jane"). He raises the following issues that we consolidate and restate as:

I. Whether the trial court properly calculated Scott's obligation to pay his child's post-secondary education.

II. Whether the trial court properly applied his arrearage payment.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

The parties married in 1976 and had

four children[1] during their marriage. They divorced in October 1994. In September of 2003, the Social Security Administration declared Scott disabled due to an injury he sustained at work.

Less than a year later, the parties made an agreed entry ("April 2004 Agreed Entry") that the trial court signed regarding Scott's arrearages due for child support, health care, and educational expenses. The agreement was dependent on the parties' receipt of anticipated, but unknown, social security disability benefits and specified that eighteen months of benefits would satisfy any and all of Scott's arrearages then due. Social Security then paid twenty-two months worth of past due benefits, totaling over $17,000. In February 2006, Jane filed a petition to modify. After a hearing was held on the matter the trial court issued the following order on uninsured health care expenses, college expenses, and child support arrearage:

This matter comes before the Court on the issue of Father's payment of uninsured health care expenses, contribution to [S.B.]'s college education, and Father's child support arrearage. . . .

I. Uninsured Health Care Expenses

a. For the calendar year 2004 Father owes $350.84 as his portion of the excess annual uninsured health care expense.

b. For the calendar year 2005 Father's portion of the excess annual uninsured medical expenses is $592.70

c. Father's total medical arrearage through and including December 3, 2005 is $908.54. Said sum is ordered paid at the rate of $10.00 per week commencing July 9, 2006 and continuing each Friday thereafter until further order of the Court.

II. [S.B.]'s College Expenses

The Court orders Father to reimburse Mother 35% of [Child]'s Sallie Mae Loan. Commencing with July payment Father shall pay 35% of the monthly bill directly to Mother within 10 days receipt of proof of Mother's monthly payment on the loan. The portion of the loan paid by Mother to and including the June 2006 payment shall be submitted to Father's attorney within 30 days. Father shall be required to reimburse Mother 35% of her actual payments on the loan. Said sum is due and payable in a lump sum within 90 days of receipt of the documentation.

III. Child Support Arrearage

The Court determines that Father's Child support arrearage existed in the sum of $1,650.00. Said sum shall be payable to Mother in a lump sum within 120 days.

*Appellant's App.* at 14–15.

Scott filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

### I. S.B.'s Post–Secondary Education

 Scott contends that the trial court clearly erred in calculating his obligation for S.B.'s post-secondary education because it did not use any worksheet or other statement of facts and it did not consider S.B.'s contribution to her own educational expenses, as required by IC 31–16–6–2.[2]

---

1. This matter only pertains to the parties' two youngest children, S.B. and C.B. The two older children were emancipated in 2002. *See Appellant's App.* at 26.

2. Scott incorrectly states that IC 31–16–6–

When a trial court enters findings of fact and conclusions under Indiana Trial Rule 52(A), a reviewing court may only reverse if the findings or conclusions are clearly erroneous. *Dunson v. Dunson,* 769 N.E.2d 1120, 1123 (Ind.2002). The trial court's judgment is clearly erroneous only if its findings of fact do not support its conclusions or its conclusions do not support its judgment. *Id.* This court will review the trial court's conclusions de novo. *Bass v. Bass,* 779 N.E.2d 582, 588 (Ind.Ct.App.2002). Because the trial court entered findings *sua sponte,* the specific findings control only the issues they cover, while a general judgment standard applies to any issue not found by the court. *Scoleri v. Scoleri,* 766 N.E.2d 1211, 1214–15 (Ind.Ct.App.2002).

Scott relies on *Cobb v. Cobb,* 588 N.E.2d 571, 574 (Ind.Ct.App.1992), in which this court held that the trial court's reliance on an unverified worksheet was error. The court stated that it could not review a support order to ensure that it complies with the guidelines when there is no basis in the record for the support. *Id.* Additionally, the court stated that a verified child support guideline must be filed with the court when there is one child or more attending a post-secondary educational institution. *Id.* The *Cobb* court recited Indiana Child Support Guideline 3(B) providing in part, "a copy of the worksheet ... shall be completed and filed with the court when the court is asked to order support ... Worksheets shall be signed by both parties, not their counsel, under penalties for perjury."

Jane counters Scott's claim and contends that Scott waived his right to appeal the lack of a worksheet because he invited the error by not objecting at trial. Jane cites *Batterman v. Bender,* 809 N.E.2d 410 (Ind.Ct.App.2004) where this court held that the father's objection to the court order of support two weeks after judgment and failure to file a worksheet in the specified time, precluded his claim of error. Additionally, Jane compares this failure to our common law rule that a trial court's asset distribution is presumed valid when the parties fail to present evidence of the value of their assets. *See Quillen v. Quillen,* 671 N.E.2d 98, 103 (Ind.1996); *see also In re Marriage of Church,* 424 N.E.2d 1078, 1081–82 (Ind.Ct.App.1981).

Here, neither Scott nor Jane presented a verified worksheet or any evidence of S.B.'s contribution to her post-secondary education. The only evidence presented was Jane's *Exhibit* S.[3] The trial court relied on this evidence to reach its decision. While we do not condone the trial court's use of only this Exhibit, Scott's failure to produce a worksheet or any evidence, his failure to object to Jane's lack of a worksheet, and his tacit agreement to proceed without a verified worksheet constituted a waiver of his right to appeal the trial court's order.

That being said, we *strongly* discourage such a practice and urge trial courts in the exercise of their discretion to *require* verified child support worksheets in every case. Failure to do so frustrates not only appellate review but also the goals of the child support guidelines.

## II. Arrearages

■ Scott claims that the trial court failed to apply four extra months of ar-

---

2(a)(1)(B)(i) and (iii) "requires" the trial court to consider the child's ability to finance post-secondary education through work and other sources. IC 31–16–6–2(a) states that "[t]he child support order or an educational support order *may* also include, where appropriate:...." (emphasis added).

**3.** The record before us does not include Jane's *Exhibit* S.

rearage payments pursuant to the April 2004 Agreed Entry, which required any overages applied to other child expenses.

█ Parties are given freedom to make continuing financial arrangements in a spirit of amicability and conciliation, and such agreements are binding upon the parties if approved by the trial court. *Myers v. Myers,* 560 N.E.2d 39, 42 (Ind.1990).

Paragraph 4 of the April 2004 Agreed Entry provided:

> Should the Social Security Administration award Father individual disability and [C.B.] dependent disability payments, the parties mutually agree that the first 18 payments made by the Social Security Administration for dependent disability payments shall be paid to Mother to reimburse her for disputed medical, dental, support, clothing, allowance, and health care premiums, incurred before January 1, 2004. Receipt of whatever payments [Jane] receives up to 18 payments shall pay in full any of the disputed claim....

*Appellant's App.* at 25.

Jane does not dispute that four extra months of arrearages were paid, but states that the agreement was to:

> satisfy in full all disputed amounts of back support accrued prior to January 1, 2004 and that if Father did not receive social security dependent disability payments or long term disability that he would be considered current on all past due support and education expenses.

*Appellee's Br.* at 14 (citing *Appellant's App.* at 25). She asserts that the trial court was correct not to credit Scott be-

cause he claims to have "made a bad bargain. and did not cover the possibility of getting more than 18 months of payments." *Id.* We disagree.

Our Supreme Court recently held that:

> '[A] disabled parent is entitled to have Social Security disability benefits paid to a child because of that parent's disability credited against the parent's child support obligations. As such, a disabled parent with respect to whom Social Security disability benefits are paid to the parent's child is entitled to petition the court for modification of the parent's child support to reflect a credit for the amount of the payments.'

*Dedek v. Dedek,* 851 N.E.2d 1048, 1051 (Ind.Ct.App.2006) (quoting *Brown v. Brown,* 849 N.E.2d 610, 613–14 (Ind. 2006)). Here, Scott was entitled to have the extra four months of past due benefits applied to the trial court's order of child support arrearage.[4] We instruct the trial court on remand to correct that portion of its order.

Affirmed in part, reversed in part, and remanded with instructions.

RILEY, J., and FRIEDLANDER, J., concur.

---

4. There was approximately $2,800 in disability benefits received over and above the arrearage due. The trial court's order specified $1,650 of arrearage due beyond that agreed by the parties. Because we do not find the trial court's order on [S.B.]'s post-secondary education to be in error, the difference of the above amounts will be "treated as a gratuity to the children." *Dedek v. Dedek,* 851 N.E.2d 1048, 1051 (Ind.Ct.App.2006) (quoting *Brown v. Brown,* 849 N.E.2d 610, 615 (Ind.2006)).