**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 24 2014, 11:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN M. CHRIST**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE: THE SUPPORT OF V. B. and S.B., | ) |
| | ) |
| JEFFERY A. ROACH, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 49A02-1401-JP-44 |
| | ) |
| VICKY LYNN BISHOP, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis F. Rosenberg, Judge
The Honorable Marcia Ferree, Commissioner
Cause No. PT83005769

**September 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Petitioner, Jeffery Allen Roach (Father), appeals the trial court's Order which denied his request to eliminate his child support arrearage.

We affirm.

ISSUE

Father raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by ordering Father to pay his child support arrearage.

FACTS AND PROCEDURAL HISTORY

Through a paternity action commenced in 1983, Father was declared to be the biological father of V.B., born August 21, 1979, and S.B, born January 30, 1983. Consequently, the trial court ordered Father to pay $25 per week in child support. On September 10, 1999, the trial court determined V.B. emancipated as of August 21, 1997, and set Father's child support arrearage at $37,985. Thereafter, on March 31, 2000, in the course of a compliance hearing, the trial court ordered child support for S.B. abated because the minor child had been living with the maternal grandmother since she was five years old. As a result, the trial court closed the contempt citation. No child support has been charged to Father since this hearing.

In 2011, Roach's driver's license was suspended and his tax refund intercepted. On November 3, 2011, Father filed his motion for abatement of child support, arguing that the abatement order issued on March 31, 2000 eliminated not only future child support but also the delinquent child support. Following a hearing on October 2, 2012,

the trial court denied his motion. On November 5, 2012, Father filed a motion to reconsider, which was denied by the trial court after a hearing.

Father now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Father contends that the trial court's order issued on March 31, 2000 not only abated any future child support owed for S.B. but also voided his child support arrearage, set by order of September 10, 1999.

Here, the trial court entered hand-written findings of fact and conclusions of law. Therefore, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, we determine whether the findings support the judgment. *Dedek v. Dedek*, 851 N.E.2d 1048, 1050 (Ind. Ct. App. 2006). We disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* The challenger must establish that the trial court's findings are clearly erroneous. *Id.* Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. *Id.* However, we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.*

Initially, we note that Father's argument relates to the interpretation of the trial court's March 31, 2000 order that abated his child support. He now contends that this order not only eliminated his future child support but also the child support arrearage set by order of September 10, 1999. Father never appealed either of these orders. If Father perceived either of these order to be ambiguous, he should have appealed the order within

3

thirty days of its entry. *See* Ind. Appellate R. 9(A). Father failed to so, therefore he has waived his argument for our review.

Waiver notwithstanding, we will address Father's contention on its merits. It has long been established in Indiana that once child support arrearages have accrued, a court may not retroactively reduce or eliminate such obligations. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007). However, retroactive modification is permitted when: (1) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time that a permanent change of custody is exercised. Neither of these exceptions comes into play here.

Accordingly, even though the trial court could abate Father's future child support obligations with respect to S.B., Father's child support arrearage had been established and can no longer be modified. The trial court properly rejected Father's attempt to impermissibly abate delinquent child support.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Father's request to eliminate his child support arrearage.

Affirmed.

MATHIAS, J. concurs

CRONE, J. concurs in result without opinion

4