## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 21 2016, 8:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Melinda K. Jackman-Hanlin
Plainfield, Indiana

ATTORNEY FOR APPELLEE

William O. Harrington
Harrington Law, P.C.
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Heavrin, Jr.,

*Appellant-Respondent,*

v.

Sarina Kaufman Tearman,

*Appellee-Petitioner*

September 21, 2016

Court of Appeals Case No.
32A01-1512-DR-2317

Appeal from the Hendricks
Superior Court

The Honorable Karen M. Love,
Judge

Trial Court Cause No.
32D03-1112-DR-891

**Crone, Judge.**

## Case Summary

[1] David Heavrin, Jr. ("Father"), appeals the trial court's order requiring him to pay one-third of his daughter's ("Daughter's") postsecondary education

expenses. He contends that the trial court violated his due process rights by failing to consider what he would have contributed toward her college education if he and Sarina Kaufman Tearman ("Mother") were still married. In addition, he argues that the trial court clearly erred in requiring him to pay one-third of Daughter's college expenses by failing to consider his ability to pay and by not requiring Daughter to incur student loans to cover some of the costs. We conclude that Father's due process rights were not violated and that the trial court did not clearly err in ordering him to pay one-third of Daughter's college expenses. Therefore, we affirm.

## Facts and Procedural History

[2] Mother and Father are parents of two children. Their Daughter was born in April 1997, and their son was born in August 1998. Mother and Father divorced in 1999. Mother was given sole legal and physical custody of the children. Father was ordered to pay weekly child support of $180 and given visitation pursuant to the Morgan County Guidelines.

[3] In May 2004, the trial court modified Father's weekly child support to $63. In April 2013, the trial court modified Father's weekly child support to $157.

[4] In April 2015, Mother filed a petition to modify dissolution decree and for allocation of postsecondary education expenses. In May 2015, Daughter graduated from high school and was accepted to Ball State University. She was awarded a Presidential Scholarship of $2250 per semester and a Ball State Grant of $1000 per semester. In addition, she was offered a Federal Subsidized

Stafford Loan for $1750 per semester and a Federal Unsubsidized Stafford Loan for $1000 per semester.

[5] Daughter's 2015 fall semester college expenses totaled $9722.50. After Daughter's scholarship and grant were applied, the remainder was $6472.50, which Mother covered with her own funds and by borrowing $1732 through the Federal Subsidized Stafford Loan and $990 through the Federal Unsubsidized Stafford Loan. Mother also paid $1694.14 toward Daughter's books and a mandatory laptop computer.

[6] In November 2015, the trial court held a hearing on Mother's petition. Neither Mother nor Father submitted a child support worksheet or a postsecondary education expenses worksheet. However, they both submitted their 2014 federal income tax returns. Mother's 2014 tax return shows that she filed jointly with her husband and that their combined wages were $92,325. They received a refund of $6701. Mother and her husband listed three dependents, which included the parties' son. Mother also submitted her 2014 W-2 Form showing that she earned $42,769.02. Mother asked that Father be required to pay all Daughter's spring semester expenses because she had paid all the fall expenses.

[7] Father's 2014 tax return shows that he filed jointly with his wife and that their combined wages were $77,890. They received a refund of $6692. Father and his wife listed three dependents, which included the parties' Daughter. Mother testified that Father's 2014 income was $74,355. At the hearing, Father argued

that he and his current spouse do not have enough money to pay $6500 per year for a college education, and he offered to pay $1200 per semester toward Daughter's college expenses. He testified that his monthly household net income is $5300, his monthly household expenses are $4984, and he has $51,000 of personal student loans on which he pays $277 per month. He also testified that between them, he and his current spouse have six children. Two of Father's stepchildren are in college, and they are paying their own college expenses. Father argued that Daughter should have to take out loans so that she would have a financial stake in her education and understand the importance of taking her education seriously.

[8] In December 2015, the trial court issued its order on Mother's petition ("the Order"), which provides as follows: Mother, Father, and Daughter will each pay one-third of Daughter's postsecondary education expenses; Daughter's scholarship and grant will account for her third; Mother and Father will each be responsible for half the remaining expenses, which for the 2015-2016 year is $3236.25 a semester or $6472.50 a year; Father will reimburse Mother for his half of Daughter's fall 2015 expenses within thirty days; and Father will pay one third of the $1694.14 that Mother paid toward the laptop and books. This appeal ensued.

## Discussion and Decision

[9] The trial court entered findings of fact and conclusions thereon sua sponte.

> Sua sponte findings only control issues that they cover, while a general judgment standard applies to issues upon which there are no findings. We may affirm a general judgment with findings on any legal theory supported by the evidence. As for any findings that have been made, they will be set aside only if they are clearly erroneous. A finding is clearly erroneous if there are no facts in the record to support it, either directly or by inference.

*Eisenhut v. Eisenhut*, 994 N.E.2d 274, 276 (Ind. Ct. App. 2013) (citations omitted).

[10] Father challenges the trial court's allocation of postsecondary education expenses. We review the trial court's apportionment of college expenses under a clearly erroneous standard. *Carr v. Carr*, 600 N.E.2d 943, 945 (Ind. 1992); *Winslow v. Fifer*, 969 N.E.2d 1087, 1092 (Ind. Ct. App. 2012), *trans. denied* (2013). Therefore, we will affirm the trial court unless its order "'is clearly against the logic and effect of the facts and circumstances which were before' the court." *Marriage of Hensley v. Hensley*, 868 N.E.2d 910, 913 (Ind. Ct. App. 2007) (quoting *Carr*, 600 N.E.2d at 945). In determining whether the trial court's decision is clearly erroneous, we consider only the evidence and reasonable inferences favorable to the judgment without reweighing evidence or judging witness credibility. *Winslow*, 969 N.E.2d at 1092.

[11] "Under Indiana law, there is no absolute legal duty on the part of parents to provide a college education for their children." *In re Paternity of Pickett*, 44 N.E.3d 756, 764 (Ind. Ct. App. 2015) (quoting *Hinesley-Petry v. Petry*, 894 N.E.2d 277, 280-81 (Ind. Ct. App. 2008), *trans. denied* (2009)). However,

Indiana Code Section 31-16-6-2(a) authorizes the dissolution court to order either or both parents to pay sums toward their child's college education. Section 31-16-6-2(a) provides that a child support order or an educational support order may include

> (1) amounts for the child's education in elementary and secondary schools and at postsecondary educational institutions, taking into account:
>
>> (A) the child's aptitude and ability;
>>
>> (B) the child's reasonable ability to contribute to educational expenses through:
>>
>>> (i) work;
>>>
>>> (ii) obtaining loans; and
>>>
>>> (iii) obtaining other sources of financial aid reasonably available to the child and each parent; and
>>
>> (C) the ability of each parent to meet these expenses.

[12] In addition, Indiana Child Support Guideline 8 provides,

> It is discretionary with the court to award post-secondary educational expenses and in what amount. In making such a decision, the court should consider post-secondary education to be a group effort, and weigh the ability of each parent to contribute to payment of the expense, as well as the ability of the student to pay a portion of the expense. If the Court determines

that an award of post-secondary educational expenses is appropriate, it should apportion the expenses between the parents and the child, taking into consideration the incomes and overall financial condition of the parents and the child, education gifts, education trust funds, and any other education savings program.

## Section 1 - Father's due process rights were not violated.

Father asserts that the trial court violated his due process rights because it failed to consider and make a finding regarding "whether and to what extent the parents, if still married, would have contributed to the child's expenses." Appellant's Br. at 8 (citing *Neudecker v. Neudecker*, 577 N.E.2d 960, 962 (Ind. 1991)). Father contends that *Neudecker* stands for the proposition that due process requires a trial court to make a specific determination regarding what the parents would have contributed toward the child's postsecondary education expenses if they were still married. We disagree.

In *Neudecker*, our supreme court addressed equal protection and due process challenges to Indiana Code Section 31-1-11.5-12(b), the predecessor to Section 31-16-6-2(a). The court held that even though a married parent could unilaterally refuse to pay for college education, the statute authorizing the trial court to order either or both parents to pay sums for their child's college education did not violate the noncustodial parent's equal protection or due process rights. In so holding the court explained,

> The statutory authorization in dissolution cases to order either or both parents to pay sums for their child's education expenses constitutes a reasonable implementation of the child support criteria that the court must consider the standard of living the

child would have enjoyed had the marriage not been dissolved. …. In this regard, the standard of living the child would have enjoyed had the marriage not been dissolved means whether and to what extent the parents, if still married, would have contributed to the child's college expenses.

*Neudecker*, 577 N.E.2d at 962 (citations and quotation marks omitted).

[15] Thus, the *Neudecker* court's discussion regarding "whether and to what extent the parents, if still married, would have contributed to the child's expenses" merely reflects the concept that children should enjoy the same standard of living that they would have enjoyed if their parents had remained married. Significantly, the factors in Section 31-16-6-2(a) are directed toward ensuring that children enjoy that standard of living. The noncustodial parent's equal protection and due process rights are not violated because the trial court's consideration of the Section 31-16-6-2(a) factors will insure an allocation of expenses that reasonably reflects what the parents, if still married, would have contributed. As such, we are unpersuaded by Father's argument that the trial court was required to make a specific determination regarding what the parents would have contributed to Daughter's postsecondary expenses if they had

remained married.[1]  Accordingly, we conclude that Father's due process rights were not violated.

## Section 2 – The trial court did not clearly err by requiring Father to pay one-third of Daughter's college expenses.

[16]  Father contends that the trial court clearly erred in ordering him to pay one-third of Daughter's college expenses.  First, he argues that the trial court failed to take into account or make any findings regarding his ability to pay approximately $6500 per year toward Daughter's college expenses. To the extent that Father complains that the trial court erred in failing to attach child support worksheets to the Order, he has waived that issue by failing to submit a worksheet.[2]  *See Hedrick v. Gilbert*, 17 N.E.3d 321, 327 (Ind. Ct. App. 2014) (concluding that former husband waived argument that trial court erred by issuing order without child support worksheets where he failed to submit worksheet and did not object to former wife's lack of worksheet).  Father is

---

[1]  Furthermore, Father's argument regarding what he would have contributed if he were still married is not supported by the record.  At the hearing, Father argued that he was willing to help contribute $1200 a semester toward Daughter's college education but that Daughter should have to take out loans so that she would have a financial stake in her education and understand the importance of taking her education seriously.  On appeal, he argues that he would have felt the same if the parties had remained married.  However, at the hearing, Father did not provide any evidence as to what his position would have been if he and Mother were still married.  Tr. at 13-17.

[2]  The Indiana Child Support Guidelines require a child support worksheet when the trial court is asked to order support, and this Court has also held that a verified child support worksheet must be filed with the court when there is one child or more attending a postsecondary educational institution.  *Butterfield v. Constantine*, 864 N.E.2d 414, 417 (Ind. Ct. App. 2007); Ind. Child Support Guideline 3(B).  Here, neither party filed a child support worksheet.  We strongly "urge trial courts in the exercise of their discretion to *require* verified child support worksheets in every case.  Failure to do so frustrates not only appellate review but also the goals of the child support guidelines."  *Butterfield*, 864 N.E.2d at 417.

correct that the trial court did not specifically make a finding in its Order regarding his ability to pay approximately $6500 per year toward Daughter's college expenses. However, the trial court's statements at the end of the hearing reveal that it did consider Father's ability to pay and found that he had the ability to pay that amount. At the hearing, Mother had requested that Father be required to pay all Daughter's spring semester expenses because Mother had paid all the fall expenses. The trial court rejected Mother's suggestion and instead ordered Father to reimburse Mother for his half of what she had paid for the fall semester, explaining that it wanted to make sure that Daughter was "allowed to continue in school" but also that she would not "incur unnecessary expenses" because it recognized that Father was "going to have to make some adjustments in his budget in order to make these payments." Tr. at 22. Father's argument that he can afford to pay only $1200 per semester, which is the same argument that he presented to the trial court, is merely an invitation to reweigh the evidence, which we must decline. *See Winslow*, 969 N.E.2d at 1092. Therefore, we conclude that the trial court did not fail to consider Father's ability to pay.

[17] Father also asserts that the trial court erred by not requiring Daughter to incur student loans toward the payment of her postsecondary education expenses. Father argues that because Daughter was offered Stafford Loans, the trial court should have required her to incur these loans, and that remaining expenses, after the loans, scholarship, and grant are applied, should be divided equally between himself and Mother. We observe that Section 31-16-6-2(a) requires the

trial court to consider the child's reasonable ability to contribute to education expenses through work, obtaining loans, and obtaining other sources of financial aid reasonably available to the child and each parent. However, Section 31-16-6-2(a) is not a mandate; it does not require the trial court to order a child to incur loans simply because the child was offered a loan. The availability of loans is just one of several considerations provided by 31-16-6-2(a). Here, Daughter received a scholarship and a grant. The trial court found that Daughter may need to take out a loan to pay incidental expenses. The trial court also found that she may obtain a resident assistant position, which may reduce the parental obligation. Father's argument is an invitation to reweigh the evidence, which we must decline. *See Winslow*, 969 N.E.2d at 1092. We conclude that the trial court's decision to allocate Daughter's scholarship and grant toward her third of postsecondary expenses is not clearly against the logic and effect of the facts and circumstances before the court. Therefore, we affirm.

[18] Affirmed.

Kirsch, J., and May, J., concur.