Thomas W. BATTERMAN,
Appellant–Petitioner,

v.

Laurel K. (Batterman) BENDER,
Appellee–Respondent.

No. 42A04–0312–CV–661.

Court of Appeals of Indiana.

May 28, 2004.

J. David Roellgen, Brian C. Dickerson, Emison Doolittle Kolb & Roellgen, Vincennes, IN, Attorneys for Appellant.

L. Edward Cummings, Vincennes, IN, Attorney for Appellee.

**OPINION**

BAKER, Judge.

In this interlocutory appeal of right pursuant to Indiana Appellate Rule 14(A)(1), appellant-petitioner Thomas Batterman appeals the trial court's order concerning a temporary child support order in favor of appellee-respondent Laurel Batterman. Specifically, Thomas raises three issues: whether Indiana had jurisdiction where the foreign child support order had not been properly registered, whether Indiana substantive law should apply, and whether Indiana had the authority to modify the child support order without an evidentiary hearing. Finding that Thomas invited any error and that Indiana law applies in this matter, we affirm.

*FACTS*

Thomas and Laurel were married in Wisconsin and had two children there. In 1990 the State of Wisconsin granted them a dissolution and gave custody of the two children to Laurel. The Wisconsin court ordered Thomas to pay child support in the amount of $650 per month.

In 2000, Laurel and the children moved to Vincennes, Indiana. Thomas remained in Wisconsin. On April 1, 2003, Thomas filed a motion for modification of his Wisconsin child support order and for the Knox Circuit Court to assume jurisdiction. On August 12, 2003, the trial court entered an order on jurisdictional issues, concluding that Thomas and Laurel had consented to jurisdiction in Indiana and the substantive law of Indiana and that Thomas had not complied with the requirement to register the Wisconsin child support order.

The trial court held a status conference on September 15, during which the trial court and counsel made rough calculations of child support under the Indiana Child Support Guidelines. The trial court thereafter entered an order that gave the parties thirty days to reach an agreement regarding temporary child support, but if no agreement could be reached then the trial court would enter a temporary child support determination. The trial court also permitted the parties to file briefs on that issue. On October 1, 2003, Thomas filed a motion to correct error, which the trial court denied, in which he argued that the Wisconsin child support order was properly registered and that Wisconsin law should be applied. On October 30, 2003, fifteen days after the court imposed a deadline in which to file briefs, Thomas filed his objection to an increase in child support, and therein stated that the law of Wisconsin should be applied in the proceedings. On December 1, 2003, the trial court entered its Temporary Child Support Order that required Thomas to pay $244 per week in child support through the Clerk of the Knox Circuit Court, which was retroactively effective as of June 2003, creating an arrearage of $1956. Thomas now appeals.

## DISCUSSION AND DECISION

### I. Registration of Wisconsin Order

■ Thomas first argues that the Wisconsin child support order was not properly registered in Indiana. Specifically, Thomas contends that this action must be dismissed for lack of jurisdiction because he did not comply with the requirements to register the order.

■ If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Tate v. Fenwick*, 766 N.E.2d 423, 423 (Ind.Ct.App.2002). Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. *Id.* However, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Evans v. Evans*, 766 N.E.2d 1240, 1245 (Ind.Ct.App.2002). Invited error is not subject to review by this court. *Ad Craft, Inc. v. Area Plan Comm'n of Evansville and Vanderburgh County*, 716 N.E.2d 6, 19 (Ind.Ct.App.1999).

In relevant part, Indiana Code section 31–18–6–11, part of the Interstate Family Support Act (IFSA), provides:

After a child support order issued in another state has been registered in Indiana, unless the provisions of section 13 of this chapter apply, the responding Indiana tribunal may modify the order only if, after notice and hearing, the responding tribunal finds that:

(1) the:

(A) child, individual obligee, and obligor do not reside in the issuing state;

(B) petitioner who is a nonresident of Indiana seeks modification; and

(C) respondent is subject to the personal jurisdiction of the Indiana tribunal; or

(2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that an Indiana tribunal may modify the support order and assume continuing, exclusive jurisdiction over the order.

Thomas argues that the trial court had no jurisdiction to enter the temporary child support order because none of these requirements have been met. However,

Thomas's attorney recognized his obligation to register the judgment and order in a May 12, 2003 hearing. Appellant's App. p. 8. Furthermore, the trial court's order of May 15, 2003, directed Thomas to promptly register the Wisconsin child support order with the State of Indiana. Appellant's App. p. 55. On October 1, 2003, Thomas filed a motion to correct error in which he argued that it was error to contend that the Wisconsin child support order was not properly registered. Appellant's App. p. 118–19. Thus, the filing of the Wisconsin order was entirely in the hands of Thomas, and any problem with the registration of the order is directly attributable to him. Inasmuch as we will not review invited error, Thomas's arguments on this issue are unavailing.

## II.  Choice of Law

■ Thomas next argues that the trial court erred by applying the law of Indiana in determining the retroactive temporary child support order. Specifically, he contends that the substantive law of Wisconsin should be applied to control enforcement and modification.

Indiana Code section 31–18–6–4, part of the IFSA, provides that the law of the issuing state governs the "nature, extent, amount, and duration of current payments and other obligations of support.... " However, Indiana Code section 31–18–3–1 et seq. of the IFSA applies to various proceedings, including "registration of an order for child support of another state for modification under I.C. 31–18–6." Ind. Code § 31–18–3–1(b)(5). Indiana Code section 31–18–3–3 states, "Except as otherwise provided by this article, a responding Indiana tribunal ... (2) shall determine the duty of support and the amount payable under the child support guidelines adopted by the Indiana supreme court and any other relevant Indiana law."

Although Thomas correctly notes that Indiana Code section 31–18–6–4 provides for the application of the substantive law of the issuing state, that statute applies to the enforcement in Indiana of a foreign support order after it has been registered in this state. *Tate v. Fenwick,* 766 N.E.2d 423, 426 (Ind.Ct.App.2002). In contrast, here, we are dealing with the modification of a child support order of another state because both Thomas and Laurel have requested a modification of the order issued in Wisconsin. Thus, we look to Indiana Code section 31–18–6–11, which is aptly titled "Modification of Child Support Order of Another State." As noted above, Indiana Code section 31–18–3–1 et seq. applies to such a case, and Indiana Code section 31–18–3–3 calls for Indiana substantive law unless otherwise provided. Thomas directs us to no statute or case law that requires the law of the issuing jurisdiction to be applied where the issue is the modification in Indiana of a foreign support order. Inasmuch as Indiana is the responding tribunal in this case, the Indiana Child Support Guidelines were correctly used to determine the appropriate amount of support.

## III.  Modification Without Hearing

■ Finally, Thomas contends that the Temporary Child Support Order is invalid because the trial court did not hold a hearing. Specifically, he maintains that the trial court was without evidence or with inaccurate evidence to consider the relevant factors for purposes of calculation of child support and that the order should not have been retroactive.

■ In a child support modification matter, we will not disturb the trial court's order unless it is clearly erroneous. *In re Marriage of Richardson,* 622 N.E.2d 178, 179 (Ind.1993); *Marmaduke v. Marmaduke,* 640 N.E.2d 441, 443 (Ind.Ct.App.

1994). The trial court's factual findings will not be found to be clearly erroneous unless the evidence supports no facts or reasonable inferences supporting the findings. *Kinsey v. Kinsey*, 619 N.E.2d 929, 932 (Ind.Ct.App.1993). In determining whether the trial court's findings are clearly erroneous, we will not reweigh the evidence or determine the credibility of the witnesses, and we will consider only the evidence on record which supports the judgment and the reasonable inferences which can be drawn from that evidence. *Id.*

Modification of a child support order under Indiana Code section 31–16–8–1(a) requires a showing of "changed circumstances so substantial and continuing as to make the terms unreasonable." The trial court's calculation of child support obligations pursuant to the child support guidelines is presumptively valid. *Matula v. Bower*, 634 N.E.2d 537, 539 (Ind.Ct.App. 1994). Moreover, the party seeking deviation from the guideline amount must convince the court that the guideline amount is unjust or inappropriate under the existing circumstances. *Id.;* Ind. Child Support Guidelines 3(F)(2). We also note that "[w]aiver is an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it." *Hamlin v. Sourwine*, 666 N.E.2d 404, 409 (Ind.Ct.App. 1996).

Here, both parties participated in a meeting with the trial court on September 15, 2003, to establish preliminary calculations of child support. Appellant's App. p. 143. Both Thomas and Laurel provided income tax returns, and Laurel provided a recent wage statement. After the conference, the trial court entered an order that gave both parties thirty days to agree upon an amount or to file briefs in support of their position. Appellant's App. p. 114–15. Laurel filed a response that argued that Thomas owed $272 per week in child support. Appellant's App. p. 143–153. Thomas failed to respond within the allotted time. When he did file an objection to Laurel's argument for increased child support more than two weeks after the due date the trial court had set, he provided no supporting evidence or affidavits to assist the trial court in its determination. Appellant's App. p. 154–60. Thomas knew he had an opportunity to provide the trial court with relevant evidence, yet he did not do so. Therefore, he has waived his right to assert that the trial court did not have sufficient evidence or failed to consider accurate evidence in making its temporary child support order.

Moreover, counsel for both Laurel and Thomas had agreed that the order on child support would be retroactively effective. Appellant's App. p. 23–24. Any error that may have occurred was invited by Thomas based on this agreement. *See Evans*, 766 N.E.2d at 1245. Therefore, Thomas may not complain now that the order should not have been retroactive.

### CONCLUSION

Thomas has waived his arguments as to whether the Wisconsin order was properly registered and whether the trial court had sufficient evidence to enter the temporary child support order and apply it retroactively inasmuch as he invited any error that may have occurred. Furthermore, the trial court properly utilized Indiana law throughout these proceedings.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.