

**FILED**

Sep 27 2018, 5:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael D. Sears
Jacquelyn S. Pillar
Crist, Sears, & Zic, LLP
Munster, Indiana

ATTORNEY FOR APPELLEE

Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Marriage of

Michael Hickey (Deceased),

*Petitioner,*

v.

Jackie L. Hickey,

*Appellee-Respondent,*

v.

ArcelorMittal USA LLC

Pension Plan,

*Appellant-Intervenor*

September 27, 2018

Court of Appeals Case No.
45A05-1710-DR-2535

Appeal from the Lake Circuit
Court

The Honorable Marissa J.
McDermott, Judge

The Honorable Lisa A. Berdine,
Magistrate

Trial Court Cause No.
45C01-0912-DR-990

**May, Judge.**

[1] ArcelorMittal USA LLC Pension Plan ("ArcelorMittal") appeals the trial court's denial of its motion for relief from judgment, which had sought to set aside a May 23, 2014, order granting Jackie L. Hickey's ("Wife") motion for relief from the judgment that had declared void the trial court's earlier order dissolving Wife's marriage to Michael Hickey ("Husband"). ArcelorMittal submits multiple issues for our review, one of which we find dispositive: whether the trial court erred when it denied ArcelorMittal's motion for relief from judgment because Wife invited any error upon which the trial court premised its earlier order granting Wife's motion for relief from the dissolution order. We reverse and remand.

## Facts and Procedural History

[2] The pertinent facts were set forth in an earlier interlocutory appeal in this matter:

[3] Husband and Wife were married in 1980. During the marriage, Husband worked at Inland Steel and earned a pension[1] which is administered by [ArcelorMittal]. On December 9, 2009, Husband filed a petition in the trial court seeking to dissolve his marriage with Wife. The trial court entered a provisional order on February 17, 2010. The parties appeared in court on April 3, 2012, for what was intended to be a final hearing. Husband appeared with counsel, and Wife appeared *pro se*. The parties

---

[1] As stated in our earlier opinion, "The parties agree that if Wife is not deemed to be Husband's widow, then she will receive no pension benefits. [ArcelorMittal] claims that this is because Wife expressly waived her right to the qualified survivor annuity at the time of Husband's retirement." *ArcelorMittal USA, LLC Pension Plan v. Hickey*, 45A03-1509-DR-1537 (Ind. Ct. App., June 30, 2016).

still did not agree on the distribution of the marital property, nor had the value of Husband's pension been determined. Instead of continuing the hearing, the trial court chose to bifurcate the proceedings and issued an order that same day dissolving the marriage and setting a hearing on the distribution of marital assets to be held on May 30, 2012.

[4] On May 30, however, the parties informed the trial court that the value of the pension had still not been determined and that the parties' vehicles had not been sold. Accordingly, the trial court ordered the parties to appear for a status hearing on July 10, 2012. At this hearing, the parties informed the trial court that the pension valuation had been completed but that their vehicles had not yet been sold. At the conclusion of the hearing, the trial court entered an order stating that Wife "shall be named Alternative Payee" of Husband's pension. It also ordered that Wife be awarded 33.5% of the monthly pension benefits that would otherwise go to Husband. Lastly, the court ordered Husband's counsel to file a qualified domestic relations order ("QDRO") regarding the pension within sixty days.

[5] On August 31, 2012, before the QDRO was prepared or filed, Husband died. On October 29, 2012, counsel made an appearance on behalf of Wife. On April 11, 2013, Wife filed a motion to substitute the Estate of Michael J. Hickey ("the Estate") as a party to the action, which the trial court granted. On April 16, 2013, Wife filed a motion to set aside the previously entered decree of dissolution.

[6] On December 17, 2013, the trial court held a hearing on Wife's motion to set aside, at which Wife and the Estate appeared by counsel. The trial court entered an order on May 23, 2014, granting Wife's motion and providing in relevant part:

1. The Decree of Dissolution entered in this matter on April 16, 2012, is void and is set aside Nunc Pro Tunc to April 16, 2012.

2. The order is void. Indiana Code 31-15-2-14 requires that when a divorce proceeding is bifurcated that the parties sign a written waiver of final hearing and a statement explaining what items are agreed upon and which items are still in dispute. No such written agreement was filed in this matter. The statute which allows for a bifurcated hearing in a dissolution is in degradation [sic] of the common law and must be strictly construed.

3. As such Jackie Cummins is now the widow of Michael Hickey and is entitled to the marital residence, the 199[sic] Winnebago Motor Home, the 1978 Chevrolet Corvette, the 1996 Chevrolet S–10 truck, the 1976 Honda Custom Chopper, and the 2001 PT Cruiser is Wife's as the jointly titled owner and widow.

4. As this Court required an estate to be opened for Michael Hickey, and Attorney David Masse agreed, without receiving a retainer, to do so, this completes this matter. David Masse requests attorney fees in the amount of $2,000.00 and the Court now orders that Jackie Cummins pay Mr. Masse's fee in the amount of $2,000.00.

FOUND and RECOMMENDED this 23 day of May, 2014, and entered NUNC PRO TUNC to April 16, 2012.

The Estate did not appeal this order.

[13] On August 6, 2014, [ArcelorMittal] filed a motion to intervene and reinstate the dissolution action and also filed a motion to set aside the May 23 order which set aside the earlier dissolution decree. After Wife responded, the trial court held a hearing on the matter on October 21, 2014. On February 17, 2015, the trial court entered an order denying the motion to intervene and reinstate the action. Having denied the motion to intervene, the trial court did not rule on [ArcelorMittal's] motion to set aside. On March 17, 2015, [ArcelorMittal] filed a motion for entry of judgment or, in the alternative, to certify the trial court's February 17 order for interlocutory appeal. The trial court held a hearing on this motion on June 3, 2017, and, on August 27, 2015, certified its February 17 order for interlocutory appeal. This court subsequently accepted interlocutory jurisdiction, and this appeal ensued.

*ArcelorMittal USA, LLC Pension Plan v. Hickey*, 45A03-1509-DR-1537 (Ind. Ct. App., June 30, 2016) (footnote added). On appeal, our court reversed the trial court's denial of ArcelorMittal's motion to intervene and remanded the matter to the trial court.

[14] After briefing on ArcelorMittal's motion to set aside judgment, the trial court held a hearing on July 10, 2017. At the direction of the trial court, the parties prepared proposed orders and submitted them to the trial court. On October 5, 2017, the trial court denied ArcelorMittal's motion to set aside the trial court's May 23, 2014, order on the basis that the April 16, 2012, dissolution order was void because the bifurcation of the issues therein did not comply with the applicable statute, Indiana Code section 31-15-2-14.

# Discussion and Decision

[15] Whether to grant a motion for relief from judgment under T.R. 60(B) is within the discretion of the trial court, and we reverse only for abuse of that discretion. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind. Ct. App. 1998). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id*. When we review a trial court's decision, we will not reweigh the evidence. *Beike v. Beike*, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004).

[16] Where, as here, the trial court enters findings *sua sponte* after a bench trial, the findings control our review and judgment only as to those issues specifically referenced in the findings. *Samples v. Wilson*, 12 N.E.3d 946, 949-50 (Ind. Ct. App. 2014). When the trial court does not make specific findings on an issue, we apply a general judgment standard, and we may affirm on any legal theory supported by the evidence adduced at trial. *Id*. at 950.

> A two-tier standard of review is applied to the *sua sponte* findings and conclusions made: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. In conducting our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. We will neither reweigh the evidence nor assess witness credibility.

*Id*.

[17]    Indiana Code section 31-15-2-14 gives trial courts the authority to bifurcate the issues in a dissolution action "to provide for a summary disposition of uncontested issues and a final hearing on contested issues." The statute specifies the filing requirements for bifurcation in a dissolution action:

>       (1) a written waiver of a final hearing in the matter of:
>
>>           (A) uncontested issues specified in the waiver; or
>>
>>           (B) contested issues specified in the waiver upon which the parties have reached an agreement;
>
>       (2) a written agreement made in accordance with section 17 of this chapter pertaining to contested issues settled by the parties; and
>
>       (3) a statement:
>
>>           (A) specifying contested issues remaining between the parties; and
>>
>>           (B) requesting the court to order a final hearing as to contested issues to be held under this chapter.

   *Id.*

[18]    ArcelorMittal argues the trial court erred when it denied its motion for relief from judgment because the court's earlier decision to grant Wife's motion for relief from the dissolution order was also error. In her motion for relief from the dissolution order, Wife argued the dissolution order was void because the

requirements for bifurcation of the dissolution action were not met. Specifically, Wife contended the dissolution order was void because the bifurcation was entered *sua sponte*, without the parties signing a written waiver of final hearing.

[19] Under the legal doctrine of invited error, a party may not take advantage of an error she commits, invites, or allows to happen as a natural consequence of her own neglect or misconduct. *Batterman v. Bender*, 809 N.E.2d 410, 412 (Ind. Ct. App. 2004). Invited error is not subject to review by this court. *Id*.

[20] In the dissolution proceedings between Husband and Wife, when it was clear the parties had not brought with them to court sufficient evidence to determine the value of Husband's pension and some other personal property, the trial court stated:

> [Court]: Um, and then I think we should reconvene in about sixty days to see where we're at.
>
> [Husband's Attorney]: Okay.
>
> [Court]: In the mean time I'll divorce these people. We'll bifurcate it and we'll get them divorced today. We're making some headway on disposing of the property. And, until we know how much cash on hand they have, there's really no way for me to go forward in, in making an equitable distribution of the property until I know, we know what cash is there. Do you understand what I'm saying?
>
> [Wife]: Um - -

[Court]:    There's not way for me to divide the stuff up when –

[Wife]:    Okay.

[Court]:    - - I can't divide the money that I don't know what it's, what it's going to be.

[Wife]:    Okay.

(Dissolution Tr.[2] at 49-50.)  The trial court then directed Husband's attorney to prepare the dissolution order and a separate order of partial property distribution.  The trial court ordered Husband to pay for an evaluation of his pension before the final hearing on the property distribution.  The trial court asked Wife if she would like her maiden name restored, and Wife answered in the affirmative.  The trial court then explained the process of property distribution, and Wife verbally indicated she understood.  The trial court then stated:

> Okay.  Based upon the evidence submitted, the Court will find that the marriage the statutory elements have been shown and that the petition for dissolution of marriage shall be granted, and we'll bifurcate and we'll grant the dissolution of marriage and restore both parties to the status of single persons.

---

[2] As a part of the interlocutory appeal, ArcelorMittal included the transcript from the original dissolution.  It is also part of the record in this case.

(*Id*. at 62) (errors in original). Wife was actively involved in a dialogue with Husband and the court throughout the hearing.

[21] Wife's acquiescence to bifurcation was also evident in the facts that she participated without complaint in the two subsequent hearings regarding the distribution of marital property and that she did not request relief from the dissolution order until she discovered she was unable to benefit from Husband's pension after his death. To the extent the statutory filing requirements for bifurcation were not met, the record indicates Wife expressly and implicitly invited the error and was supportive of the bifurcation when it appeared to suit her interests. A party that invites error may not then take advantage of that error. *In re Marriage of Duckworth*, 989 N.E.2d 352, 354 (Ind. Ct. App. 2013).

# Conclusion

[22] The trial court abused its discretion when it denied ArcelorMittal's motion for relief from the trial court's order that vacated the original dissolution decree between Husband and Wife because the court also erred when it granted Wife's earlier relief from judgment when she had invited any error in that judgment. Accordingly, we reverse the trial court's denial of ArcelorMittal's motion for relief from the trial court's May 23, 2014, order. We remand for further proceedings consistent with this opinion.

[23] Reversed and remanded.

Riley, J., and Mathias, J., concur.