## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2020, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEY FOR APPELLEES

Shannon L. Robinson
Shannon Robinson Law
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Matter of the Adoption of A.N.W *(Minor Child)*, | December 29, 2020 |
| J.M.W., | Court of Appeals Case No. 20A-AD-1099 |
| *Appellant-Respondent,* | Appeal from the Brown Circuit Court |
| v. | The Honorable Mary Wertz, Judge |
| R.R. and L.R., | Trial Court Cause No. 07C01-1902-AD-3 |
| *Appellees-Petitioners,* | |

**Robb, Judge.**

# Case Summary and Issue

[1] J.M.W. ("Mother") and J.W. ("Father") are the biological parents of A.N.W. ("Child"). Mother lost custody of Child after she and Father dissolved their marriage. Subsequently, Mother was incarcerated after pleading guilty to possession of child pornography. In March 2016, with Father's consent, R.R. and L.R. ("Petitioners") became the legal guardians of Child. Father died in January 2019. On February 6, 2019, Petitioners filed a verified petition to adopt Child. Petitioners alleged that Mother's consent to the adoption was unnecessary. Mother then filed a Motion to Contest Adoption. Following a hearing, the trial court denied Mother's Motion to Contest Adoption finding that Mother's consent to the adoption was unnecessary. Mother now appeals raising one issue for our review, which we restate as: whether the trial court erred by denying Mother's Motion to Contest Adoption of Child. Concluding the trial court did not clearly err by finding Mother's consent was unnecessary, we affirm.

# Facts and Procedural History

[2] Child was born September 16, 2009, to Mother and Father who were married at the time. In November 2013, Mother was arrested and charged with child exploitation and possession of child pornography. On August 27, 2014, Mother and Father's marriage was dissolved. Father was given full legal and physical custody of Child. The dissolution decree provided that due to Mother's unemployment, Mother was not ordered to pay any child support. However,

Mother was "ordered to immediately notify the Court and the father when she became employed." Appealed Order of May 1, 2020 ("Appealed Order") at 2.

[3] In September 2014, Mother pleaded guilty to the possession of child pornography charge and was sent to prison.[1] Mother was released on April 15, 2015. After being released Mother stayed with her aunt and uncle. However, Mother violated her parole by being in an "unapproved relationship" and was sent to jail for thirty days. Transcript of Evidence, Volume 2 at 52. After the thirty days Mother returned to living with her aunt and uncle.

[4] In September 2015, Child began living with Petitioners.[2] In November 2015, Mother violated parole again by missing counseling sessions and was sent to Indiana Women's Prison.

[5] In March 2016, with Father's consent, Petitioners became Child's legal guardians. Mother was present for the guardianship proceeding via telephone and did not file anything in the proceeding seeking to establish parenting time. After Petitioners were awarded guardianship, they did not receive any monetary support from Mother or Father although Father still had Child nearly every weekend. *See id.* at 110.

---

[1] The child exploitation charge was dismissed. *See* Transcript of Evidence, Volume 2 at 51.

[2] Petitioners are R.R., Child's paternal grandfather, and L.R., R.R.'s wife. L.R. is not Child's biological grandmother.

[6] In April 2016, Mother was released from Indiana Women's Prison. Her parole required that she be employed. From June to August, Mother was employed part time through an employment agency. Mother stayed with her aunt and uncle until her parole ended on September 1. During the time Mother was incarcerated or on parole she had no contact with Child because she was not allowed to have contact with minors.

[7] After Mother's parole ended, she began living with her parents. Two of her brothers, her sister, and her fiancé and their son also lived with them. Mother began assisting her father in his landscaping business multiple times a week for either ten or twelve dollars an hour. Mother's parents paid for all her living expenses and she was on food stamps. Mother never filed any notice of employment with the court in the marriage dissolution case.

[8] Mother began having contact with Child again in December 2016 or January 2017 without the Petitioners' knowledge.[3] This continued until December 2018. Father would bring Child to see Mother when he had her on weekends. During this "parenting time," Mother bought Child gifts including clothing and shoes. Mother did not ever directly provide Father or Petitioners with money for Child's support.

---

[3] The record is unclear about exactly when Mother began having contact with Child again.

In January 2019, Father died unexpectedly of a blood clot. Subsequently, the Petitioners filed a Petition for Adoption. Mother filed a Motion to Contest Adoption.

On January 31, 2020, the trial court held a hearing on the Petition for Adoption and Mother's Motion to Contest Adoption. The trial court then issued its findings of fact and conclusions thereon, denying Mother's Motion to Contest Adoption. In relevant part, the trial court's order states:

> Findings of Fact
>
> * * *
>
> 34. In regard to mother's ability to financially support the child, the Court finds:
>
> a. Mother is not disabled. She has the physical and mental ability to be employed and earn an income;
>
> b. Mother has no living expenses. Her family provides for all her needs, and those of her young son and fiancé. She receives "food stamps";
>
> c. Mother was required to work as a condition of parole during the summer of 2016. Between June 2016 and August 2016, she worked through a temporary employment agency making $9.00 to $10.00 per hour. She quit working at that temporary employment agency as soon as she was released from parole. She testified that her conviction for Possession of Child Pornography caused her to be denied employment when she sought employment on occasions thereafter. She did not provide an

explanation regarding why she could find employment while on parole for a felony sex offense, but not thereafter when no longer on parole;

d. Mother testified regarding attempts she made to find employment. Her testimony regarding these attempts was not credible. Even if her testimony was found to be credible, her attempts were not sustained nor substantial. She made no appreciable effort to obtain employment since being released from parole in September of 2016;

e. [M]mother's mother[ ] works five nights per week between the hours of 4:00 or 5:00 pm to 10:00 pm or midnight. Mother's father owns and operates his own lawncare business. Mother and her mother and sister testified that mother assists in caring for her developmentally disabled brother while her mother works and provides the family with housekeeping services. While these services may assist her family, they do not preclude her from obtaining employment during the hours when her parents are not working;

f. Mother also cares for her young son. However, her fiancé, her son's father, also does not have stable employment and would be able to care for their son if mother was employed;

g. Mother testified that her fiancé is disabled, but does not receive disability payments. Her fiancé is able to work as evidenced by mother's testimony that he works on occasions for her father and in construction doing drywall and painting work;

h. Mother bought gifts for the child when the child was with her. Mother testified that if the child wanted something while at the store, she would purchase it for the child. These purchases were made in a manner that permitted mother to please the child, not to financially support the child;

i. Mother has never provided monetary support to either the child's father or guardians. The gifts and clothing she provided to the child were not substantial nor did those items relieve the child's guardians' financial burdens. [L.R.] testified that the child returned from a visit with her father one time in a new outfit and the [Petitioners] were informed that the father purchased it for her;

j. Mother was able to buy gifts for the child using money from selling her personal belongings, using money given to her by her mother, using money she received as a gift from others and using money received in payment for working for her father;

k. Mother and her family bought clothing for the child, but this clothing was not provided to the Petitioners;

l. Mother testified that she had had no earned income from work since being released from parole. Her mother and sister directly contradicted this testimony. They testified that mother earned money working on occasions at her father's landscaping business, including in the office and on job sites. Mother did have income from working for her father, yet made no effort to use this income to provide monetary support for her child; and

m. Mother failed to notify the Johnson Superior Court and father that she had employment during the summer of 2016 and of her income through working for her father.

* * *

Conclusions of Law

* * *

Care and Support:

14. "[I]t is well-settled that parents have a common law duty to support their children." *Boone v. Boone*, 924 N.E.2d 649, 652 (Ind. Ct. App. 2010). The lack of a court order does not relieve a parent's obligation to support her child. *See In re Adoption of M.B.*, 944 N.E.2d 73, 77 (Ind. Ct. App. 2011).

15. "[T]he relevant time period is any one year in which the parent was required and able to pay support and did not do so." *R.S.P. v. S.S. (In re J.T.A.)*, 988 N.E.2d 1250, 1255 (Ind. Ct. App. 2013).

16. The Petitioner[s] must show that the natural parent was able to pay the ordered support and knowingly failed to do so. [*Matter of Adoption of D.H. III*], 439 N.E.2d 1376, 1378 (Ind. Ct. App. 1982)[.] Although [*Matter of Adoption of D.H. III*] involved a child support order that was not paid by the parent, the Court finds this case applies where, as here, there is a legal duty to support a child.

17. Although mother was not obligated to pay child support at the time that the Decree of Dissolution was issued, she was "ordered to immediately notify this Court and Father when she becomes employed in any fashion." Decree of Dissolution ¶ 3. Mother violated this Order when she failed to notify the Court and Father when she was employed at the temporary agency and when she was receiving income from her father's business.

18. "A petitioner for adoption must show that the non-custodial parent had the ability to make the payments which he failed to make. That ability cannot be adequately shown by proof of income standing alone. To determine that ability, it is necessary to consider the totality of the circumstances. In addition to income, it is necessary to consider whether that income is steady

or sporadic and what the non-custodial parent's necessary and reasonable expenses were during the period in question." *In re Adoption of Augustyniak*, 508 N.E.2d 1307, 1308 (Ind. Ct. App. 1987); *see also* [*In re Adoption of K.S.*], 980 N.E.2d 385, 388 (Ind. Ct. App. 2012)[.]

19. The totality of circumstances show that mother has had no reasonable and necessary living expenses. All of her living expenses were paid by her family at least since September 2016. Mother's family also paid for the living expenses of mother's subsequent child and fiancé.

20. Mother has had the physical and mental ability to work. She is not disabled.

21. The Court does not find Mother's testimony that she was unable to find employment credible or reliable. The Court specifically notes that she provided no explanation regarding why she could find work at a temporary agency while on parole for a felony sex offense, but not after parole ended. She failed to explain why the felony sex offense conviction did not impede employment while on parole but did impede employment after release from parole. Mother's testimony regarding her attempts at finding employment are not credible and, even if credible, do not show a substantial attempt to find employment.

22. Mother provided no explanation as to why she could not be employed at least part-time while her mother and/or father are not working.

23. Mother had income in the summer of 2016 and has since that time had some income th[r]ough work at her father's business.

24. Mother failed to advise the Johnson Superior Court II and the child's father of this earned income.

25. Mother has not financially supported the child since at least August of 2014, a duration of over four years preceding the filing of the petition for adoption. She was incarcerated from September 2014 through April 2015; in June/July 2015; and November 2015 through April 2016. She was not able to financially support the child while incarcerated.

26. The Court finds that the totality of circumstances proves by clear and convincing evidence that mother was able to provide support for the child when not incarcerated and that she failed to provide care and support [for] the child for at least a one-year time period since her release from incarceration in April 2016. While she may have provided the child with token gifts and some clothing during her visits with the child in 2017 and 2018, these tokens do not constitute care and support.

27. The Court finds that the mother's consent to adoption is not required because the totality of circumstances proves by clear and convincing evidence that mother voluntarily chose not to provide care and support for the child when able to do so for at least a one-year period of time.

Appealed Order at 6-12. The trial court subsequently granted the Petitioners' petition to adopt Child. Mother now appeals.

# Discussion and Decision

# I. Standard of Review

When we review a trial court's ruling in an adoption proceeding, the ruling will not be disturbed unless the evidence leads to only one conclusion and the trial court reached the opposite conclusion. *In re Adoption of M.L.*, 973 N.E.2d 1216, 1222 (Ind. Ct. App. 2012). We do not reweigh evidence, and we consider the evidence most favorable to the decision together with reasonable inferences drawn from that evidence. *Id.* Further, we "recognize that the trial judge is in the best position to judge the facts, determine witness credibility, get a feel for the family dynamics, and get a sense of the parents and their relationship with their children." *Id.*

Here, it appears the trial court issued findings of fact and conclusions sua sponte pursuant to Indiana Trial Rule 52(A). When that occurs, we apply a two-tiered standard of review: first, we determine whether the evidence supports the finding of fact and second, we determine whether the findings support the judgment. *In re Estate of Powers*, 849 N.E.2d 1212, 1216 (Ind. Ct. App. 2006). The trial court's findings or judgment will be set aside only if they are clearly erroneous. *Id.* A finding of fact is clearly erroneous if the record lacks evidence or reasonable inferences from the evidence to support it. *Id.* The findings control our review and the judgment only as to the issues those specific findings cover. *Hickey v. Hickey*, 111 N.E.3d 242, 245 (Ind. Ct. App. 2018). Where there are no specific findings, a general judgment standard applies, and we may affirm on any legal theory supported by the evidence. *Steele-Giri v. Steele*, 51 N.E.3d 119, 123-24 (Ind. 2016).

# II. Parental Consent

Mother appeals the trial court's order denying her motion to contest the adoption. *See* Ind. Code § 31-19-10-1 (describing procedure for filing a motion to contest an adoption). Generally, a petition to adopt a minor child may be granted only if written consent to adopt has been provided by the biological parents. *See* Ind. Code § 31-19-9-1. However, when appropriate, there are exceptions to the consent requirement. *See* Ind. Code § 31-19-9-8.

Indiana Code section 31-19-9-8(a) states, in pertinent part:

> Consent to adoption, which may be required under **section 1** of this chapter, is not required from any of the following:
>
>> (1) A parent or parents if the child is adjudged to have been abandoned or deserted for at least six (6) months immediately preceding the date of the filing of the petition for adoption.
>>
>> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>>
>>> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>>>
>>> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

The provisions of Indiana Code section 31-19-9-8(a) are disjunctive; that is, each provision provides independent grounds for dispensing with parental

consent. *In re Adoption J.S.S.*, 61 N.E.3d 394, 397 (Ind. Ct. App. 2016). Recognizing the fundamental importance of the parent-child relationship, we strictly construe the adoption statutes to protect and preserve the relationship. *In re Adoption of N.W.*, 933 N.E.2d 909, 913 (Ind. Ct. App. 2010). The petitioner for adoption has the burden of proving, by clear and convincing evidence, one of the statutory criteria allowing for adoption without consent. *Id.*

[15] Petitioners asserted that Mother's consent was not required on the grounds of three alternative theories: (1) Mother had deserted or abandoned Child; (2) Mother had failed to maintain significant contact with Child for a period of one year; and/or (3) Mother had failed to provide care or support for Child for a period of one year when able to do so as required by law or judicial decree. Brief of Appellees at 15; Appellant's Appendix at 30. The trial court found that Mother's consent was unnecessary only for failure to provide care or support and stated the Petitioners failed to prove with clear and convincing evidence their other theories. Appealed Order at 9-13. Thus, only Mother's ability to provide care and support will be addressed.

[16] Mother contends the trial court erred in concluding she failed to support Child for over one year. Indiana Code section 31-19-9-8(a)(2)(B) specifies that consent is not required from a parent who, for a period of at least one year, "knowingly fails to provide for the care and support of the child *when able to do so* as required by law or judicial decree." (Emphasis added.) The relevant time period for determining whether a non-custodial parent has supported his child "is not limited to either the year preceding the hearing or the year preceding the

petition for adoption, but is any year in which the parent had an obligation and the ability to provide support, but failed to do so." *In re Adoption of J.T.A.*, 988 N.E.2d 1250, 1255 (Ind. Ct. App. 2013), *trans. denied.* Also, a parent's nonmonetary contribution to a child's care may be counted as support. *In re Adoption of M.B.*, 944 N.E.2d 73, 77 (Ind. Ct. App. 2011).

[17] Prior to the filing of the petition for adoption, no support order was in place requiring Mother to pay a fixed amount of child support. A parent nonetheless has a common law obligation to support their child even in absence of a court order. *Id.* Beginning in April 2016, Mother was no longer incarcerated and remained out of prison; however, Mother argues that she was unable to provide for Child and was "without means to provide support even to herself." Brief of Appellant at 21.

[18] The ability to pay is not shown "by proof of income standing alone.*" In re Adoption of K.F.*, 935 N.E.2d 282, 288 (Ind. Ct. App. 2010) (quotation omitted), *trans. denied.* To determine ability, we must consider the totality of the circumstances including "whether that income is steady or sporadic and what the non-custodial parent's necessary and reasonable expenses were during the period in question." *Id.*

[19] Here, Mother had no reasonable and necessary living expenses. Starting in September 2016, all of Mother's living expenses were paid by her family. *See* Tr., Vol. 2 at 6-7. Mother had the physical and mental ability to work. Mother argues that she was precluded from finding work because of her criminal

history. *See* Br. of Appellant at 14. However, Mother worked part time for her father and when required to have a job for her parole Mother was able to find work. *See* Tr., Vol. 2 at 6. We decline Mother's invitation to reweigh evidence in order to find that she was precluded from working due to her criminal history. We conclude that, under the totality of the circumstances, Petitioners proved by clear and convincing evidence that Mother was able to provide support for Child.

[20] Because we have determined that Mother was able to provide support for Child, we must determine whether she failed to do so. Mother contends that she provided support to Child in the form of clothing and gifts. "And considering [Mother's] financial situation, the support was more than 'token[.]'" Br. of Appellant at 21. We disagree.

[21] Our supreme court has stated that "making a token payment of a nominal sum once each year [is] insufficient to provide for maintenance and support." *In re Adoption of Infants Reynard*, 252 Ind. 632, 639, 251 N.E.2d 413, 417 (1969). Likewise, this court has found that "construing [Indiana Code section] 31-19-9-8 . . . to hold that there must be a complete refusal or failure to pay any sum of money for one year before the filing of a petition could lead to absurd consequences." *In re Adoption of M.S.*, 10 N.E.3d 1272, 1280 (Ind. Ct. App. 2014) (holding that a one-time payment of $300 in approximately fifteen months was insufficient); *see also In re Adoption of D.C.*, 928 N.E.2d 602, 606-07 (Ind. Ct. App. 2010) (holding payments consisting of "$279.99 from a Navy

pension and two checks amounting to $220" in twelve months did not constitute care and support), *trans. denied*.

[22] In *In re Adoption of M.A.S.*, the father argued that he provided "groceries, diapers, formula, clothing, presents, and cash." 815 N.E.2d 216, 220 n.1 (Ind. Ct. App. 2004). This court stated that the "occasional provision of these items are gifts, not child support." *Id.* Similarly here, Mother provided Child with "presents and other items[.]" Br. of Appellant at 21. Mother testified that she would purchase clothes and gifts for Child during visits that Father allowed her to have; however, she never gave Father or Petitioners any money to help provide for Child. *See* Tr., Vol. 2 at 81. Items provided by Mother to Child were gifts and did not constitute care and support.

[23] We cannot say that the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *In re Adoption of M.L.*, 973 N.E.2d at 1222. Clear and convincing evidence supports the trial court's determination that Mother's consent was not required based on her knowing failure to provide care and support for Child despite an ability to do so.

# Conclusion

[24] Concluding the trial court did not clearly err by finding Mother's consent was unnecessary, we affirm.

[25] Affirmed.

Bailey, J., and Tavitas, J., concur.